A. SCHLESSING, claimant of 75 articles of device, more or less, designated as "The Schlessing Ultrasoniseur," together with their labeling, Appellant,

v.

UNITED STATES of America, Appellee.

No. 14802.

United States Court of Appeals Ninth Circuit.

Sept. 24, 1956.

Smith, Van Dyke & Hildreth, Spencer E. Van Dyke, Jack E. Hildreth, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Max F. Deutz, Asst. U. S. Atty., Arthur A. Dickerman, Atty., Dept. of Health, Education & Welfare, Los Angeles, Cal., for appellee.

Before STEPHENS and FEE, Circuit Judges, and FOLEY, District Judge.

JAMES ALGER FEE, Circuit Judge.

This is a review of the denial of a motion by Schlessing to compel administrative approval of a method of distributing certain devices designated as "The Schlessing Ultrasoniseur" in the manner proposed by him. All these devices had been condemned in an action for the seizure of seventy-five of these devices prosecuted in the United States District Court for the Southern District of California. The six Ultrasoniseurs here in question were among those sequestered in that action.

Schlessing, as claimant, on October 22, 1952, agreed to a Consent Decree of Condemnation. By its terms all of these devices then in possession of the court, to the number of forty-seven, were adjudged adulterated and misbranded as alleged in the libel and were condemned under 21 U.S.C.A. § 334(a). These articles, upon condemnation, were subject to destruction. However, in accordance with the stipulation for consent to the entry of such decree, it was therein provided that claimant was allowed the privilege of dis-

tributing such articles when released in the discretion of the administrative body. One provision in the consent decree declares in substance that the claimant shall not distribute the devices until he shall have obtained a written release from the head of the agency. Specifically, it was agreed and the Consent Decree of Condemnation provided that:

"Claimant shall make no distribution of said articles or any part of them except in strict accord with such term and conditions as may be included in said written release."

The decree also contains other provisions:

"Ultrasonic therapy cannot be employed safely and efficaciously by the layman in self-medication, but requires competent supervision in its administration. Adequate directions for unsupervised lay use cannot be written for ultrasonic devices, within the meaning of 21 U.S.C. 352 (f) (1). Interstate distribution which would not violate the Federal Food, Drug, and Cosmetic Act must therefore comply with the regulations which exempt devices from bearing adequate directions for use in their labeling. (21 C.F.R. § 1.-106, as amended.) One provision of these regulations exempts a device which is shipped to 'a practitioner licensed by law to * * * use or direct the use of the device.' (21 C. F.R. § 1.106(e).)"

Also:

"The Claimant shall not sell or dispose of said articles or any part thereof in a manner contrary to the provisions of the Federal Food, Drug and Cosmetic Act, or the laws of any State * * * in which they are sold or disposed of."

The Consent Decree of Condemnation further expressly retains in the court the jurisdiction to issue further orders, which permitted the court to order destruction of all of these devices on the same terms as could have been originally done.

The District Court heard the motion and received a stipulation as to the issue to be tried, as follows:

"Is a chiropractor, who is licensed under the California Chiropractic Act, a practitioner licensed by law to use or direct the use of devices such as the six reconditioned ultrasonic therapeutic devices involved in this case, so as to satisfy the requirements of 21 C.F.R. § 1.106(e), as amended, and exempt the devices from complying with 21 U.S.C. 352 (f) (1)?"

Upon this basis, the District Court issued findings and conclusions and a decree requiring claimant to return the devices at his own expense to be offered for sale "in such manner and under such conditions as shall be approved by the Los Angeles District of the Food and Drug Administration, Department of Health, Education and Welfare."

■ The decree must be affirmed with modifications mentioned below. Upon condemnation, the District Court had power and authority to have these devices sold or destroyed under conditions such as are here laid down. The claimant may have entered into a contract which he now regrets, but the terms of the consent decree are clear and unambiguous. He made the release of the devices by the agency the sole criterion. He agreed that the court could issue further orders. He cannot now claim that, if he had known the terms of release would be what they now turn out to be, he would never have made the bargain.

■ The practice of medicine and chiropractic in California is regulated by the legislature and administrative boards of the state. There is no law, regulation or decision of that state which forbids the shipment of an Ultrasoniseur into its boundaries. It is a mooted question whether a chiropractor can use such a device, but it is one for the courts and agencies of California to regulate. The agency has no jurisdiction or authority to attempt to regulate the practice of medicine or chiropractic in that state.

887

The trial court was led into passing on a matter of state law and administrative discretion of the legislature and the agencies of California. Therefore, the final judgment and decree is correct in result, but the court is constrained to eliminate from the findings and conclusions all references to the nature of chiropractic, ultrasonic therapy and the practice of medicine and of chiropractors in California and all other matters which are here disapproved. The findings relating to the consent decree and the agreement not to ship the machines without release by the administrative agencies and the agreement that the court should make further orders carrying out the original condemnation and sale are left standing.

Affirmed, but remanded with directions to modify the findings and conclusions thus found clearly erroneous.