**UNITED STATES of America, Appellant,**

v.

**Harold M. SHOCK, Sr., Appellee.**

**No. 18616.**

United States Court of Appeals
Eighth Circuit.

June 19, 1967.

Robert E. Johnson, Asst. U. S. Atty., Fort Smith, Ark., and Arthur A. Dickerman, Atty., Dept. of Health, Education and Welfare, Los Angeles, Cal., for appellant; Charles M. Conway, U. S. Atty., Fort Smith, Ark. and William W. Goodrich, Asst. Gen. Counsel, Dept. of Health, Education and Welfare, Washington, D. C., on the brief.

Fenton Stanley, Malvern, Ark., for appellee.

Before VAN OOSTERHOUT, BLACKMUN and LAY, Circuit Judges.

LAY, Circuit Judge.

This action involves a Libel of Information praying seizure and condemnation of two devices in the possession of appellee commonly known as ultrasonic machines shipped by the R. J. Lindquist Co., Los Angeles, California, to Harold Shock, Sr., a chiropractor, living in Malvern, Arkansas. The machines were condemned under the Federal Food, Drug and Cosmetic Act, Tit. 21 U.S.C. § 301 et seq., as being shipped in interstate commerce, "misbranded" under Tit. 21 U.S.C. § 352(f) (1)[1] as not bearing adequate directions for use, and as not otherwise exempt from the Act.

Harold M. Shock, the appellee herein, intervened alleging that the machines were at all times exempt from Tit. 21 U.S.C. § 352(f) (1) since shipment and possession of the devices met all the requirements and conditions set out in 21 CFR 1.106(d). The latter regulation provides:

"*Exemption for prescription devices*

"A device which, because of any potentiality for harmful effect, or the method of its use, or the collateral measures necessary to its use is not safe except under the supervision of a practitioner licensed by law to direct the use of such device, and hence for which 'adequate directions for use' cannot be prepared, shall be exempt from section 502(f) (1) of the act [21 U.S.C. 352(f) (1)] if all the following conditions are met:

"(1) The device is:

"(i) (a) * * *

"(b) In the possession of a practitioner, such as physicians, dentists, and veterinarians, licensed by law to use or order the use of such device; and

"(ii) Is to be sold only to or on the prescription or other order of such practitioner for use in the course of his professional practice.

"(2) The label of the device (other than surgical instruments) bears:

"(i) The statement 'Caution: Federal law restricts this device to sale by or on the order of a ............,' the blank to be filled with the word 'physician,' 'dentist,' 'veterinarian,' or with the descrip-

---

1. "21 U.S.C. § 352. *Misbranded drugs and devices.* A drug shall be deemed to be misbranded—

* * * * *

(f) Unless its labeling bears (1) adequate directions for use * * * *Provided,* That where any requirement of clause (1) of this subsection, as applied to any drug or device, is not necessary for the protection of the public health, the Secretary [of Health, Education, and Welfare] shall promulgate regulations exempting such drug or device from such requirement."

tive designation of any other practitioner licensed by the law of the State in which he practices to use or order the use of the device; and

"(ii) The method of its application or use, * * *."

Trial was held before the district court. Chief Judge John Miller dismissed the Libel of Information and ordered the devices restored to the appellee. United States v. Article Consisting of 2 Devices, More or Less Labeled in Part: "Lindquist Chronosonic Ultrasound Model 401 B, etc.,[2] 255 F.Supp. 374. We reverse and remand to the district court for further findings in accordance with this opinion.

The lower court focuses his opinion upon the following discussion: "The libelant * * * is a licensed chiropractor, and the *ultimate* question here is *whether this court should determine* that he is not 'a practitioner licensed by law of the state in which he practices to use or order the use of the device.'"

The trial judge then states:

"* * * The fact that the Federal Food, Drug, and Cosmetic Act is a valid exercise of the authority of Congress to regulate interstate commerce *does not authorize* this court to determine whether a device shipped in interstate commerce to a chiropractor should be condemned on the ground that he is not a qualified licensed practitioner under the law of Arkansas to use or order the use of the device. * * * The Federal Food and Drug Administration has no jurisdiction or authority to regulate the practice of medicine or chiropractic in Arkansas." (Our emphasis.) 255 F.Supp. 381–382.

The government concludes that the trial court is asserting the doctrine of abstention in refusing to pass upon state law. If this were true, we would agree with the government that this case does not present facts under which a federal district court should exercise abstention.

"* * * Where Congress creates a head of federal jurisdiction which entails a responsibility to adjudicate the claim on the basis of state law * * * we hold that difficulties and perplexities of state law are no reason for referral of the problem to the state court * *." McNeese v. Board of Education, 373 U.S. 668 at 673, n. 5, 83 S.Ct. 1433, 1436, 10 L.Ed.2d 622. See also Meredith v. City of Winter Haven, 320 U.S. 228, 234, 235, 64 S.Ct. 7, 88 L.Ed. 9; Propper v. Clark, 337 U.S. 472, 490, 69 S.Ct. 1333, 93 L. Ed. 1480; Baggett v. Bullitt, 377 U.S. 360, 375, 84 S.Ct. 1316, 12 L.Ed.2d 377; Company of Allegheny v. Mashuda Co., 360 U.S. 185, 196, 79 S.Ct. 1060, 3 L.Ed. 2d 1163.

But we interpret the trial court's opinion differently. The doctrine of abstention does not deal with the *power* or *authority* of the court to decide local law. The doctrine of abstention is related to principles of federalism, comity and convenience. When a court abstains, it defers or postpones, it does not deny jurisdiction. Railroad Comm'n. of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971; Harrison v. N. A. A. C. P., 360 U.S. 167, 177, 79 S.Ct. 1025, 3 L.Ed.2d 1152; See also discussion in Wright, Federal Courts, § 52, p. 169–177. Kurland, Toward a Co-operative Judicial Federalism: The Federal Court Abstention Doctrine, 24 F.R.D. 481. The lower court's opinion is concerned with the lack of "jurisdiction" of the Federal Food, Drug and Cosmetic Act to regulate the practice of medicine and chiropractic within a state. The court states that the Act does not correspondingly "authorize" a federal district court to pass upon the *"ultimate"* question of state law involved. The effect of the trial judge's opinion is to deny the court's jurisdiction to make an adjudication under the facts presented. The trial court we feel erred in assuming he lacked authority to decide state law under the existing facts. The

---

**2.** The device had the following additional label: "Caution: Federal law restricts this device to sale by, or on the order of a practitioner licensed by the law of the State in which he practices, to use or order the use of the device."

lower court relied upon Schlessing v. United States, 9 Cir., 239 F.2d 885, where the Court of Appeals said:

> "The practice of medicine and chiropractic in California is regulated by the legislature and administrative boards of the state. There is no law, regulation or decision of that state which forbids the shipment of an Ultrasoniseur into its boundaries. It is a *mooted* question whether a chiropractor can use such a device, but it is one for the courts and agencies of California to regulate. The agency has no jurisdiction or authority to attempt to regulate the practice of medicine or chiropractic in that state." (Our emphasis.) 239 F.2d at 886.

But this language must be read in context with the facts of the case. The case involved a *shipper* who had *agreed* to a consent decree allowing shipment of ultrasonic devices only under the "conditions" and "approval" of the Food and Drug Administration. At this juncture of the case whether a chiropractor was exempt under the regulations was a "mooted" question. As such and under the state of the record, the stipulated issue was only hypothetical and appropriately at that time "one for the courts and agencies of California to regulate."

But the issue is not moot in the facts before us. As the trial judge pointed out "the · ultimate question" concerns the Arkansas law and whether appellee thereunder is "a practitioner licensed by law to * * * use or direct the use of the device."

The lower court further relies upon a comparison of the district court opinion in England v. Louisiana State Board of Medical Examiners, D.C., 246 F.Supp. 993, affirmed 384 U.S. 885, 86 S.Ct. 1924, 16 L.Ed.2d 998. However, we fail to find

justification for dismissal under the long history of this case. (See J. Douglas's concurrence in 375 U.S. 411, at 423, 84 S.Ct. 461, 11 L.Ed.2d 440.) There, appellants were chiropractors seeking to practice in Louisiana without complying with the educational requirements of the Louisiana Medical Practice Act, alleging it was unconstitutional. *The district court originally abstained* (180 F.Supp. 121, 124) *on the theory that the state court might find that the Act did not apply to chiropractors and the constitutional issue might be avoided.* However, the state court found that the Act applied to chiropractors and also determined that the Act was constitutional. 126 So.2d 51. When the parties came back to federal district court the latter refused to decide the federal issue on procedural grounds. The Supreme Court, in holding that under the special circumstances of this case the district court should have decided it, said:

> "Its (the abstention doctrine) recognition of the role of state courts as the final expositors of state law implies no disregard for the primacy of the federal judiciary in deciding questions of federal law. Accordingly, we have on several occasions explicitly recognized that abstention 'does not, of course, involve the abdication of federal jurisdiction, but only the postponement of its exercise.'" England v. Louisiana State Board of Medical Examiners, 375 U.S. 411 at 415–416, 84 S.Ct. at 465.

■ In the instant case the statute under which the government proceeds affords exclusive jurisdiction for purposes of seizure and condemnation. 28 U.S.C. §§ 1355, 1356;[3] 21 U.S.C. § 334. If the government is denied the right to proceed in the present case because of the

---

3. "Fine, penalty or forfeiture

"The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress." Tit. 28 U.S.C. § 1355.

"Seizures not within admiralty and maritime jurisdiction

"The district courts shall have original jurisdiction, exclusive of the courts of the States, of any seizure under any law of the United States on land or upon waters not within admiralty and maritime jurisdiction." Tit. 28 U.S.C. § 1356.

necessity to determine state law, there would exist no available forum in which the government could bring its case. We do not believe Congress intended the Federal Food, Drug and Cosmetic Act to be so administered.

Congress has passed many laws regulating interstate commerce, e. g. fish, gambling, intoxicants, and other laws governing torts, social security, bankruptcy, etc., which all depend upon the interpretation of state law. United States v. Sharpnack, 355 U.S. 286, at 294–296, 78 S.Ct. 291, 2 L.Ed.2d 282. Cf. Goings v. United States, 8 Cir., 377 F.2d 753. Under these federal statutes the district courts are not denied jurisdiction simply because they are faced with difficult questions of state law thereunder. See Estate of Spiegel v. Comm'r, of Internal Revenue, 335 U.S. 701, 707, 69 S.Ct. 301, 93 L.Ed. 330. Appellee does not challenge the authority of the Act to regulate the devices in question on any legal or constitutional grounds. It has long been recognized that the Federal Food, Drug and Cosmetic Act can regulate interstate commerce to protect "public health and safety" and to prevent "misbranded" devices from reaching interstate channels. United States v. Walsh, 331 U.S. 432, 67 S.Ct. 1283, 91 L.Ed. 1585. The mere fact appellee has the burden to prove his exemption under state law does not alter the circumstance.

It is the duty of the trial court to decide whether appellee as a licensed practitioner has a right under state law to use or direct the use of the device in question in his chiropractic practice. If so, he would come under the exemption 21 CFR 1.106(d); if not, judgment should follow for the government.[4]

Reversed and remanded in accordance with the above opinion.

4. This court, in Kasper v. Kellar, 8 Cir., 217 F.2d 744, stated that it would rely heavily upon the considered appraisal of a district judge in that he was in a position to be familiar with "unreported trial-court decisions, percolating judicial trends

accepted legal climate, and familiarity with prevailing professional thought and temper." See also, St. Paul Fire and Marine Insurance Company v. Northern Grain Co., 8 Cir., 365 F.2d 361.