**Dargon SUTHER, Appellant,**

v.

**CITY OF MIDFIELD, INC., et al.,
Appellees.**

**No. 22778.**

United States Court of Appeals
Fifth Circuit.

April 11, 1966.

Dewey H. Jones, Phillip Sarris, Birmingham, Ala., for appellant.

Norman K. Brown, Bessemer, Ala., for appellees.

Before TUTTLE, Chief Judge, THORNBERRY, Circuit Judge, and LYNNE, District Judge.

PER CURIAM.

The judgment dismissing the complaint is AFFIRMED, but on the ground that the complaint shows on its face the want of subject matter jurisdiction, that is to say, it does not adequately allege the existence of the amount in controversy exceeding $10,000. As stated in Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248,

"The tax, payment of which is demanded or resisted, is the matter in controversy, since payment of it would avoid the penalty and end the dispute. * * * Whether and in what manner the penalty for nonpayment may be enforced in the event the tax is valid are but collateral and incidental to the determination whether payment may be exacted. Only when the suit is brought to restrain imposition of a penalty already accrued by reason of failure to comply with the statute or order assailed can the penalty be included as any part of the matter in controversy."

It cannot realistically be said here that the enforcement of a regulatory statute requiring the appellant to cut weeds on his lot threatens plaintiff's property to such an extent that the difference between its value as regulated and unreg-

---

* Of the Tenth Circuit, sitting by designation.

ulated meets the requisite jurisdictional amount in controversy. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135. See also Clark v. Paul Gray, Inc., 306 U.S. 583, 589, 59 S.Ct. 744, 83 L.Ed. 1001.