**Harold MATZNER and Dorothe Matzner, Petitioners,**

v.

**Gordon H. BROWN, Judge, Superior Court, Passaic County, New Jersey, Respondent.**

**Civ. No. 434–68.**

United States District Court
D. New Jersey.

June 18, 1968.

See also, D.C., 288 F.Supp. 608.

Joseph T. Afflitto, Wayne, N. J., for petitioners, F. Lee Bailey, Boston, Mass., of counsel.

Leonard I. Garth, Paterson, N. J., for intervenor, DeGroot.

Bruno L. Leopizzi, Paterson, N. J., for intervenor, Kearney.

Joseph A. Hoffman, First Asst. Atty. Gen. for N. J., William Brennan, John W. Hayden, Jr., Asst. Attys. Gen. for N. J., for respondent.

## MEMORANDUM AND ORDER

SHAW, District Judge.

This matter was commenced in this Court by petition filed on May 3, 1968. Hearing was held on May 7, 1968, and at the conclusion of the hearing it was the opinion of the Court that any action here should be deferred until there was opportunity for an appellate State court to review the action of respondent. An appeal was taken to the New Jersey Supreme Court and the relief sought by petitioners was denied. State v. Kavanaugh, 52 N.J. 7, 243 A.2d 225.

Since this Court expressed no opinion on the merits of the petition filed herein but retained jurisdiction, petitioners have now filed a further petition challenging the decision of the New Jersey Supreme Court and seeking a further hearing.

Petitioners seek injunctive relief which, if granted, would in effect over-rule the decision of the New Jersey Supreme Court. Also sought is an order that the case of State v. Kearney, et al., 52 N.J. 7, 243 A.2d 225, on Indictment 64–67 be ordered to trial forthwith.

The Court will now consider the application of petitioners and the intervening parties on the merits. A further hearing is not necessary. The parties have been heard.

■ Except to state that it agrees, this Court can add nothing to the comprehensive and well reasoned decision of the New Jersey Supreme Court which affirmed the order of respondent revoking the privilege extended to F. Lee Bailey, Esq., to represent petitioners in the trial of the indictment pending against them. At inception the matter of primary concern was the removal of counsel on the eve of the date fixed for trial. Since the initial trial date fixed has now been postponed in order to afford petitioners the opportunity to retain other counsel, the claim of prejudice to their constitutional rights no longer has substance.

■ The matter of fixing a trial date in the case of State v. Kearney, et al., on Indictment 64–67 is one which should be left to the discretion of the trial court to which such an application would be more appropriately addressed.

Now, therefore, it is on this 18th day of June, 1968, ordered that the petition filed herein on May 3, 1968, and the petition filed herein on June 10, 1968, and the applications of the intervening parties, Vincent Kearney, Jr., and John C. DeGroot, be and the same hereby are dismissed with prejudice and without costs.

Further ordered that the petition filed herein on May 3, 1968, and the transcript of the proceedings at hearing held in this Court on May 7, 1968, remain impounded until further order of this Court, except that they shall continue to be available for use in any State court proceeding as and to the extent permitted by a New Jersey State Court.