**Cecil B. MOORE**

v.

**Honorable Vincent A. CARROLL, President Judge, Board of Judges, Court of Common Pleas, Philadelphia County, Philadelphia, Pennsylvania**

and

**Edward J. Blake, Court Administrator, Court of Common Pleas, Philadelphia County, Philadelphia, Pennsylvania.**

**Civ. A. No. 70–1023.**

United States District Court,
E. D. Pennsylvania.

July 28, 1970.

Samuel Dashiell, Curtis Carson, Jr., Philadelphia, Pa., for plaintiff.

Richard A. Sprague, Asst. Dist. Atty., David Richman, Asst. Dist. Atty., Philadelphia, Pa., for defendants.

OPINION

JOSEPH S. LORD, III, District Judge.

Plaintiff alleges that he is a member of the Bar of the Commonwealth of Pennsylvania, whose only means of earning a livelihood is the practice of law and that his primary field of practice is criminal law. He seeks a preliminary injunction preventing the application to him of a Rule of Court promulgated by the Board of Judges of the Philadelphia Court of Common Pleas. The Rule in issue is Rule 301, which aims to curtail the backlog of criminal cases in Philadelphia's courts by prohibiting an attorney from representing more than fifteen criminally accused persons whose indictments are over twelve months old. The Rule provides that an attorney representing fifteen or more such persons cannot enter his appearance on behalf of any additional accused persons in any criminal court of Philadelphia County until such time as the number of his clients with twelve-month-old indictments is less than fifteen. Pursuant to Rule 301, plaintiff has been ordered not to enter his appearance in any additional criminal cases.

Plaintiff alleges that he represents clients from the "lower socio-economic strata" who are "unable to pay large fees for their defense as are clients of other members of the bar," and that his practice will be destroyed by the implementation of Rule 301.[1] Consequently, he argues that the Rule violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution because it deprives him of his livelihood since he has no control over the prosecutor's decision to proceed on given cases and no control over the listing of cases by the Court Clerk.

Plaintiff's second argument is that the Rule contravenes the Equal Protection Clause of the Fourteenth Amendment because it was designed solely to apply to him. The reason for singling him out, plaintiff says, is that he insists upon jury trials for his clients, a fact which has prompted the Philadelphia courts to assign him a courtroom and judge solely for the disposition of his clients' cases. He concludes that the Rule was designed to force him and his clients to waive jury trials. Finally, he asserts that Rule 301 has not been applied to the Defender's Association of Philadelphia, a nonprofit organization which provides legal counsel for indigent persons.

■ We have before us the defendants' motion to dismiss, which argues, *inter alia*, that the plaintiff's complaint fails to invoke this court's jurisdiction. They contend, and correctly so, that plaintiff's apparent election to proceed under the federal question section of the jurisdictional code, 28 U.S.C. § 1331, renders the complaint inadequate on its face because it nowhere affirmatively alleges that plaintiff will suffer more than $10,000 worth of damages.[2] *See* Suther v. City of Midfield, 358 F.2d 740 (C.A. 5, 1966) (value of diminution in property right determines existence of amount in controversy). We specifically questioned plaintiff's counsel on this point at oral argument on the motion to dismiss, and he affirmed that he was relying on the federal question statute for jurisdiction. Yet there has never been an effort to amend the complaint to conform to the statute.

■ We are aware that there is another possible basis for jurisdiction under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its jurisdictional enact-

---

1. Companion law suits have been filed by would-be clients of plaintiff alleging that their Sixth Amendment right to counsel of their choice is destroyed by Rule 301 since it is operating to prevent them from retaining plaintiff. *See* Stanson v. Carroll, Civ. No. 70–1024 (E.D.Pa. filed July 28, 1970).

2. Section 1331 provides:
   "(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interests and costs, and arises under the Constitution, laws, or treaties of the United States."

ment, 28 U.S.C. § 1343(3), and that no jurisdictional amount is required thereunder. The defendants' motion to dismiss, in anticipation of plaintiff's belated reliance upon § 1343, argues that even under that section we lack jurisdiction, because the asserted conduct is only an infringement on property rights, citing Hague v. C.I.O., 307 U.S. 496, 531–532, 59 S.Ct. 954, 83 L.Ed. 1423 (1939) (Stone, J., concurring). *See also* Eisen v. Eastman, 421 F.2d 560 (C.A.2, 1969). While there is some merit to this contention, particularly in light of the recent dictum in National Land Investment Co. v. Specter, 428 F.2d 91 (C.A.3, 1970), plaintiff has not seen fit to join issue on this alternate jurisdictional basis. We decline to decide such substantial issues when the plaintiff has steadfastly refused to invoke the statutes which spawn them.

The complaint is dismissed for lack of jurisdiction over the subject matter. Boyd v. Clark, 287 F.Supp. 561 (S.D.N.Y.1968); Alterman Transport Lines, Inc. v. Public Service Comm., 259 F.Supp. 486 (M.D.Tenn.1966), aff'd 386 U.S. 262, 87 S.Ct. 1023, 18 L.Ed.2d 39 (1967).

It is so ordered.