Ronald E. STANSON

v.

Honorable Vincent A. CARROLL, President Judge, Board of Judges, Court of Common Pleas, Philadelphia County, Philadelphia, Pennsylvania

and

Edward J. Blake, Court Administrator, Court of Common Pleas, Philadelphia County, Philadelphia, Pennsylvania.

Leroy B. LIGHTY

v.

Honorable Vincent A. CARROLL, President Judge, Board of Judges, Court of Common Pleas, Philadelphia County, Philadelphia, Pennsylvania

and

Edward J. Blake, Court Administrator, Court of Common Pleas, Philadelphia County, Philadelphia, Pennsylvania.

George E. BROOKS, Jr.

v.

Honorable Vincent A. CARROLL, President Judge, Board of Judges, Court of Common Pleas, Philadelphia County, Philadelphia, Pennsylvania

and

Edward J. Blake, Court Administrator, Court of Common Pleas, Philadelphia County, Philadelphia, Pennsylvania.

Samuel THOMAS

v.

Honorable Vincent A. CARROLL, President Judge, Board of Judges, Court of Common Pleas, Philadelphia County, Philadelphia, Pennsylvania

and

Edward J. Blake, Court Administrator, Court of Common Pleas, Philadelphia County, Philadelphia, Pennsylvania.

Civ. A. Nos. 70–1024–70–1027.

United States District Court,
E. D. Pennsylvania.

July 28, 1970.

Samuel Dashiell, Curtis Carson, Jr., Philadelphia, Pa., for plaintiffs.

Richard A. Sprague, David Richman, Asst. Dist. Attys., Philadelphia, Pa., for defendants.

## OPINION

JOSEPH S. LORD, III, District Judge.

Plaintiffs in these four cases are persons accused of committing crimes in Philadelphia County who allege that a local Rule of Court, Rule 301, promulgat-

ed by the Board of Judges of the Philadelphia Court of Common Pleas, prevents them from retaining counsel of their choice in violation of the Sixth and Fourteenth Amendments. The operation of Rule 301 prevents the attorney plaintiffs have selected, Cecil Moore, from entering his appearance in their cases because the number of accused persons he represents exceeds the number allowed under Rule 301.[1]

The defendants have filed a motion to dismiss arguing, *inter alia*, that we do not possess jurisdiction over this claim because these plaintiffs, who rely on the federal question section of Title 28, section 1331, do not allege, as plaintiff Moore in the companion case failed to,[2] over $10,000 worth of damage. Defendants do not press this argument, however, recognizing that there is no real impediment here to invoking our jurisdiction under the Civil Rights Act of 1871 and its jurisdictional enactment, 28 U.S.C. § 1343(3). Instead, they rely principally on principles of comity to support their motion, and urge us to abstain from exercising our jurisdiction. They argue that we should respect the will and competence of Pennsylvania's courts to adjudicate fairly the constitutional claims of defendants in criminal cases, citing Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951), and Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943). See also Cameron v. Johnson, 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968). While these cases are not directly in point—plaintiffs do not ask us to enjoint their criminal prosecutions—they do establish a principle of comity which does have some application to the case before us. In fact, in a strikingly similar case, well-known for a different principle of law, the Court of Appeals for this Circuit ordered a district court to abstain from exercising its equity jurisdiction when a defendant in

1. The operation of Rule 301 is set out in our companion opinion in Moore v. Carroll, 315 F.Supp. 1129 (E.D.Pa. filed July 28, 1970).

2. *Moore, supra.*

state criminal proceedings sought federal equitable relief on his challenge to the constitutional validity of the state court's order revoking his counsel's representation in the criminal proceedings. Cooper v. Hutchinson, 184 F.2d 119, 122 (C.A. 3, 1951); *accord*, Matzner v. Brown, 288 F.Supp. 612 (D.N.J. 1968), aff'd, 410 F.2d 1376 (C.A. 3, 1969). In both of these cases the court directed the plaintiffs to seek state court review of their claims before seeking federal review of the state court order. This action is particularly appropriate. here since the action complained of stems from a local Rule of Court directly affecting the administration of a state court's system of criminal justice which has never been considered by that state's appellate courts. *Cf.* Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970); Haakenson v. Parkhouse, 312 F.Supp. 929 (E.D.Pa., filed Apr. 20, 1970).

While we are inclined to agree with defendants that abstention is appropriate here, we are of the opinion that plaintiffs' allegations of harm are insufficient to invoke this court's equity jurisdiction. In fact, there are no allegations anywhere in their complaints that they will suffer any harm at all if a preliminary injunction does not issue.[3] For instance, plaintiffs nowhere allege that they are financially unable to retain other competent attorneys or that the Common Pleas Court of Philadelphia will not permit them to retain, or itself appoint, other competent attorneys in time to provide them with constitutionally adequate representation at their trials. *Cf.* United States ex rel. Carey v. Rundle, 409 F.2d 1210 (C.A. 3, 1969). Lacking any similar factual allegations comprising harm which requires equitable remedies, the complaint falls before

a motion to dismiss. Abernathy v. Patterson, 295 F.2d 452 (C.A. 5, 1961), cert. denied, 368 U.S. 986, 82 S.Ct. 601, 7 L.Ed.2d 524 (1962); *see* National Land Investment Co. v. Specter, 428 F.2d 91 (C.A. 3, filed June 25, 1970); *cf.* Potwara v. Dillon, 386 F.2d 74 (C.A. 2, 1967). *Compare* Dombrowski v. Pfister, 380 U.S. 479, 484–485, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). Accordingly, we will dismiss the complaint.

It is so ordered.

---

3. We notice parenthetically that we delayed a decision on defendants' motion to dismiss in both this case and plaintiff *Moore's* companion case in order to give plaintiffs' counsel, who also represents plaintiff *Moore*, the opportunity to submit a brief in reply to defendants' brief. At oral argument on these motions we declined to set a deadline for its submission, informing counsel that since any delay in its filing and a consequent delay in a decision would redound to his clients' detriment, we were satisfied that he did not need a deadline. We waited for almost a month and a half, even with prodding on our part, before we received it.