REETZ, COMMISSIONER OF FISH AND GAME
OF ALASKA, ET AL. *v.* BOZANICH ET AL.

No. 185. Argued January 13, 1970—
Decided February 25, 1970

*Charles K. Cranston,* Assistant Attorney General of Alaska, argued the cause for appellants. With him on the brief were *G. Kent Edwards,* Attorney General, and *Robert L. Hartig,* Assistant Attorney General.

*Robert Boochever* argued the cause for appellees. With him on the brief was *Seth Warner Morrison III.*

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

This is an appeal from the judgment of a three-judge District Court, convened under 28 U. S. C. §§ 2281, 2284, declaring certain fishing laws of Alaska and regulations under them unconstitutional and enjoining their enforcement. 297 F. Supp. 300. We noted probable jurisdiction. 396 U. S. 811.

The laws in question, passed in 1968, concern salmon net gear licenses for commercial fishing, not licenses for other types of salmon fishing. They are challenged because they limit licensees to a defined group of persons. The Act in material part provides: [1]

> "Persons eligible for gear licenses. (a) Except in cases of extreme hardship as defined by the Board of Fish and Game, a salmon net gear license for a specific salmon registration area may be issued only to a person who
>
> "(1) has previously held a salmon net gear license for that specific salmon registration area; or
>
> "(2) has, for any three years, held a commercial fishing license and while so licensed actively engaged in commercial fishing in that specific area."

The regulations [2] provide that except in cases of "extreme hardship [3] . . . a salmon net gear license for a

---

[1] Alaska Stat. § 16.05.536 (1968). Subd. (b) of that section specifies the data to be supplied in applications for a gear license.

Section 16.05.540 provides that the licensee shall "personally operate or assist in the operation of the licensed fishing gear"; that he shall "personally own or lease the licensed fishing gear"; and that the license is "transferable."

[2] Alaska Commercial Fishing Regulations § 102.09 (a) (1969).

[3] As defined in the regulations, *id.*, § 102.09 (a) (2).

specific salmon registration area may be issued only to a person who:

"(A) has held in 1965 or subsequent years a salmon net gear license for that specific salmon registration area; or

"(B) has, for any three years since January 1, 1960, held a commercial fishing license and while so licensed actively engaged in commercial fishing in that specific area."

Appellees are nonresidents who applied for commercial salmon net gear licenses. They apparently are experienced net gear salmon fishermen but they cannot qualify for a salmon net gear license to fish in any of the 12 regions or areas described in the Act and the regulations.[4]

Appellees filed a motion for summary judgment on the grounds that the Act and regulations deprived them of their rights under the Equal Protection Clause of the Fourteenth Amendment and also their rights under the Alaska Constitution. That constitution provides in Art. VIII, § 3:

"Wherever occurring in their natural state, fish, wildlife, and waters are reserved to the people for common use."

And it provides in Art. VIII, § 15:

"No exclusive right or special privilege of fishery shall be created or authorized in the natural waters of the State."

Appellants filed a motion to dismiss or alternatively to stay the proceedings in the District Court pending

---

[4] While the original complaint challenged the 1968 regulations, it was amended to challenge the 1968 Act and the 1969 regulations under it, which regulated the 1969 fishing season.

the determination of the Alaska constitutional question by an Alaska court.

Appellants' motion to dismiss or to stay was denied. Appellees' motion for summary judgment was granted, the three-judge District Court holding that the Act and regulations in question were unconstitutional both under the Equal Protection Clause of the Fourteenth Amendment and under the Constitution of Alaska. 297 F. Supp., at 304–307.

This case is virtually on all fours with *City of Meridian v. Southern Bell Tel. & Tel. Co.*, 358 U. S. 639, where a single district judge in construing a Mississippi statute held that it violated both the Federal and the State Constitutions. The Court of Appeals affirmed and we vacated its judgment and remanded to the District Court with directions to hold the case while the parties repaired to a state tribunal "for an authoritative declaration of applicable state law." *Id.*, at 640.

We said:

"Proper exercise of federal jurisdiction requires that controversies involving unsettled questions of state law be decided in the state tribunals preliminary to a federal court's consideration of the underlying federal constitutional questions. . . . That is especially desirable where the questions of state law are enmeshed with federal questions. . . . Here, the state law problems are delicate ones, the resolution of which is not without substantial difficulty—certainly for a federal court. . . . In such a case, when the state court's interpretation of the statute or evaluation of its validity under the state constitution may obviate any need to consider its validity under the Federal Constitution, the federal court should hold its hand, lest it render a constitutional decision unnecessarily." *Id.*, at 640–641.

We are advised that the provisions of the Alaska Constitution at issue have never been interpreted by an Alaska court. The District Court, feeling sure of its grounds on the merits, held, however, that this was not a proper case for abstention, saying that "if the question had been presented to an Alaska court, it would have shared our conviction that the challenged gear licensing scheme is not supportable." 297 F. Supp., at 304. The three-judge panel was a distinguished one, two being former Alaska lawyers. And they felt that prompt decision was necessary to avoid the "grave and irreparable" injury to the "economic livelihood" of the appellees which would result, if they could not engage in their occupation "during this year's forthcoming fishing season." *Ibid.*

It is, of course, true that abstention is not necessary whenever a federal court is faced with a question of local law, the classic case being *Meredith* v. *Winter Haven,* 320 U. S. 228, where federal jurisdiction was based on diversity only. Abstention certainly involves duplication of effort and expense and an attendant delay. See *England* v. *Louisiana State Board,* 375 U. S. 411. That is why we have said that this judicially created rule which stems from *Railroad Comm'n* v. *Pullman Co.,* 312 U. S. 496, should be applied only where "the issue of state law is uncertain." *Harman* v. *Forssenius,* 380 U. S. 528, 534. Moreover, we said in *Zwickler* v. *Koota,* 389 U. S. 241, 248, that abstention was applicable "only in narrowly limited 'special circumstances,' " citing *Propper* v. *Clark,* 337 U. S. 472, 492. In *Zwickler,* a state statute was attacked on the ground that on its face it was repugnant to the First Amendment; and it was conceded that state court construction could not render unnecessary a decision of the First Amendment question. 389 U. S., at 250. A state court decision here, however,

could conceivably avoid any decision under the Fourteenth Amendment and would avoid any possible irritant in the federal-state relationship.

The *Pullman* doctrine was based on "the avoidance of needless friction" between federal pronouncements and state policies. 312 U. S., at 500. The instant case is the classic case in that tradition, for here the nub of the whole controversy may be the state constitution. The constitutional provisions relate to fish resources, an asset unique in its abundance in Alaska. The statute and regulations relate to that same unique resource, the management of which is a matter of great state concern. We appreciate why the District Court felt concern over the effect of further delay on these plaintiffs, the appellees here; but we have concluded that the first judicial application of these constitutional provisions should properly be by an Alaska court.

We think the federal court should have stayed its hand while the parties repaired to the state courts for a resolution of their state constitutional questions. We accordingly vacate the judgment of the District Court and remand the case for proceedings consistent with this opinion.

*It is so ordered.*