**MTW, INC., Plaintiff,**

v.

**The CITY OF MILWAUKEE, Defendant.**

**No. 71-C-56.**

United States District Court,
E. D. Wisconsin.

July 27, 1971.

Ted E. Wedemeyer, Milwaukee, Wis., for plaintiff.

John J. Fleming, City Atty., by Charles R. Theis, Asst. City Atty., Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant has moved for dismissal; alternatively, it seeks an order staying the proceedings. Several of the issues discussed by counsel in their briefs were considered by this court in a written decision denying the plaintiff's motion for a temporary restraining order. Since the contents of that decision, dated June 8, 1971, 327 F.Supp. 990, are germane to the present motion, I incorporate such decision herein by reference.

The plaintiff urges that even if the ordinance in question seems to be valid on its face, it violates both the commerce clause and the equal protection clause of the United States Constitution, and therefore, this court has jurisdiction in the matter. The plaintiff also contends that the ordinance is invalid in the manner of its application. The "as applied" argument is somewhat difficult to adopt because the plaintiff's counsel presented this matter to the federal court even before the ordinance was actually adopted.

If the Milwaukee ordinance means no more than what it purports to say, it is unambiguous and facially constitutional. If, on the other hand, its language is a subterfuge for oppression, it has a latent meaning which the state court's interpretation will clarify. The ordinance in question here, unlike the statute in Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971), might be invalid only if it is interpreted in the manner feared by the plaintiff.

This would seem a proper case in which the federal court should abstain. The state court interpretation of the ordinance in question may wholly obviate the constitutional doubts envisioned by the plaintiff. Indeed, the plaintiff has already applied for relief in the courts of the state of Wisconsin. In Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970), the Supreme Court observed:

"* * * A state court decision here, however, could conceivably avoid any decision under the Fourteenth Amendment and would avoid any possible irritant in the federal-state relationship."

In my opinion, the recent decision of the three-judge district court in Dean

Foods Company v. State Board of Health of Indiana, et al. (IP 70–C–610, decided July 7, 1971) is not controlling because of the different type of statute involved in that case.

There are two possible methods by which this court can stay its hand: (1) by granting the motion to dismiss or (2) by staying these proceedings until the state tribunals have had an opportunity to act. I believe that dismissal is the more appropriate technique under the circumstances presented in the matter at bar. Accordingly, the defendant's motion to dismiss should be granted.

Now, therefore, it is ordered that the defendant's motion to dismiss be and hereby is granted, and the plaintiff's action is dismissed without prejudice.