**Lee–Ann BURDMAN et al., Plaintiffs,**

**Andrew Fitzpatrick et al., Plaintiff-Intervenors,**

**v.**

**Ewald B. NYQUIST, Commissioner of Education, State of New York, Defendant.**

**Civ. No. 1971–14.**

United States District Court,
W. D. New York.

Sept. 30, 1971.

Kevin Kennedy and Charles Desmond, Buffalo, N. Y., for plaintiffs and plaintiff-intervenors.

Louis J. Lefkowitz, Atty. Gen., of State of New York (Ruth Kessler Toch,

Sol. Gen., and Jean M. Coon, Asst. Atty. Gen., of counsel), for defendant.

Before FEINBERG, Circuit Judge, HENDERSON, Chief Judge, and CURTIN, District Judge.

CURTIN, District Judge:

This is an action brought by seven D'Youville College students and by D'Youville College for a judgment declaring that their rights under Article Six, Clause Two, and the First, Ninth, and Fourteenth Amendments of the Constitution of the United States have been abridged by Article XI, Section 3 [1] of the New York State Constitution (Blaine Amendment) in the distribution of state aid to private colleges under Section 6401 [2] of the New York Education Law, McKinney's Consol.Laws, c. 16

1. New York Constitution, Article XI, Section 3 provides:

Neither the state nor any subdivision thereof shall use its property or credit or any public money, or authorize or permit either to be used, directly or indirectly, in aid or maintenance, other than for examination or inspection, of any school or institution of learning wholly or in part under the control or direction of any religious denomination, or in which any denominational tenet or doctrine is taught. * * *

2. Section 6401 provides:

*State aid for certain non-public institutions of higher education*

1. Notwithstanding the provisions of any general, special or local law to the contrary, the commissioner is hereby authorized to apportion for each annual period commencing July first nineteen hundred sixty-nine and to pay to any private institution of higher education within the state which meets the requirements of subdivision two of this section, upon application by such institution, such amounts of state aid as are authorized to be paid by subdivision three of this section.

2. In order to qualify for state aid apportionments pursuant to this section, any institution of higher education must meet each of the following requirements:

a. The institution must be a college or university incorporated by the regents or by the legislature.

b. The institution must maintain one or more earned degree programs, culminating in a baccalaureate or higher degree.

c. The institution must meet such standards of educational quality applicable to comparable public institutions of higher education, as may be from time to time established by the regents.

d. The institution must be eligible for state aid under the provisions of the constitution of the United States and the constitution of the state of New York.

3. The amount of such annual apportionment to each institution meeting the requirements of subdivision two of this section shall be computed by multiplying by four hundred dollars the number of earned bachelor's and master's degrees, and by twenty-four hundred dollars the number of earned doctorate degrees, conferred by such institution during the twelve-month period next preceding the annual period for which such apportionment is made, provided that there shall be excluded from any such computation the number of degrees earned by students with respect to whom state aid other than that established by this section is granted directly to the institution. The regents shall promulgate rules defining and classifying professional degrees for the purposes of this section.

4. One-tenth of each such annual apportionment payable pursuant to this section shall be paid on or before September fifteenth and on or before the fifteenth day of each succeeding month to and including the fifteenth day of June.

5. The commissioner shall promulgate regulations requiring the submission to him, by any institution intending to apply for state aid apportionments pursuant to this section, of reports in such form, at such times and containing such information as he shall by such regulations require, concerning, but not limited to such matters as the present and contemplated future programs, curricula and facilities of the institution, and its financial affairs, its long range plans and its progress in implementing such plans, and its administrative practices and procedures. No institution shall be eligible to receive any apportionment of state aid, or portion thereof, payable pursuant to this section unless such institution shall have submitted all reports required pursuant to such regulations, in form satisfactory to the commissioner.

(Bundy Law). Upon the stipulation of all counsel, four St. Francis College students and St. Francis College have been permitted to intervene as plaintiffs.

The complaints of plaintiffs and plaintiff-intervenors are substantially the same in all respects. Both arise under the Civil Rights Act (42 U.S.C. § 1983; 28 U.S.C. § 1343(3)) and allege that the defendant has implemented the above provisions of New York law in a manner which denies them their rights to liberty, due process, and equal protection under the Fourteenth Amendment. As to the individual complainants who are of the Catholic faith, it is further claimed that the implementation of the above New York provisions results in a denial of the free exercise of their religion guaranteed by the First Amendment.

Since permanent injunctive relief is sought, a three-judge panel was designated pursuant to Title 28, United States Code, Sections 2281 and 2284. Briefs and stipulations were submitted, and the panel convened in June, 1971.

The background of this action can be stated briefly. In 1969, D'Youville College and St. Francis College applied to defendant for state aid under the newly enacted Bundy Law. By separate letters, dated December 31, 1969, the defendant informed the Colleges that they were ineligible for state aid under Article XI, Section 3 of the New York State Constitution. In some detail, the letters described the particular conditions of the respective institutions which led to defendant's conclusion.

Section 2(d) of the Bundy Law provides that eligibility must be determined on the basis of, among other things, compliance with "the constitution of the United States and the constitution of the state of New York." Arguing that the Colleges are eligible for aid under the First Amendment, and citing the defendant's sole reliance on the Blaine Amendment, the plaintiffs and plaintiff-intervenors claim the defendant is applying a standard stricter than that of the First Amendment, and is thereby violating their First and Fourteenth Amendment rights. See Cantwell v. Connecticut, 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213 (1940), and Abington School District v. Schempp, 374 U.S. 203, 83 S.Ct. 1560, 10 L.Ed.2d 844 (1963).

The first question which the parties have briefed, namely, whether this court should abstain pending a state court resolution of the matter, is dispositive. While abstention in cases involving civil rights is appropriate only in "narrowly limited" special circumstances, see Zwickler v. Koota, 389 U.S. 241, 248, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967), we are convinced this is such a case. The First Amendment problem presented here is essentially an economic one. That plaintiffs' complaint in this action was not filed until more than one year after the defendant's decision to deny aid is indicative of an absence of immediate and irreparable damage to the complainants' exercise of First Amendment freedoms.

The principal reason we abstain is that we face here an unresolved question of state law, whether plaintiff-colleges are institutions either, in the words of the Blaine Amendment, "wholly or in part under the control or direction of any religious denomination" or "in which any denominational tenet or doctrine is taught," and therefore foreclosed from state aid under the Bundy Law. Clearly, the determination of this issue by the state courts may "avoid or modify" several federal constitutional questions. Zwickler, supra, 389 U.S. at 248–249, 88 S.Ct. 391; see also Askew v. Hargrave, 401 U.S. 476, 91 S.Ct. 856, 28 L.Ed.2d 196 (1971); Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971); Fornaris v. Ridge Tool Co., 400 U.S. 41, 91 S.Ct. 156, 27 L.Ed.2d 174 (1971); Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970); and Coleman v. Ginsberg, 428 F.2d 767 (2d Cir. 1970). Indeed, some four months after the initial complaint in this action was filed, the State Appellate Division, Third Department, decided in Canisius College of Buffalo v. Nyquist, 36 A.D.2d

340, 320 N.Y.S.2d 652 (1971), that a college similarly denied aid on the authority of the Blaine Amendment was entitled to state assistance. Although that decision is now on appeal, and in any event the instant plaintiffs may not be successful in the state courts, this does not affect our conclusion that abstention is proper to avoid unnecessary and premature constitutional adjudication.

Although we abstain from deciding at this time the constitutional questions presented, the complaint shall not be dismissed. Rather, we retain jurisdiction and stay these proceedings pending state court resolution of this action.[3]

So ordered.

---

3. Subsequent to the presentation of oral argument before the panel, plaintiffs and plaintiff-intervenors moved to amend the complaints to permit inclusion as plaintiffs all "students attending church related four year colleges, except divinity schools, located in the State of New York, which have been denied state aid under Article 129 [Bundy Law] of the Education Law for 1969–1970 or 1970–1971 or for both years, and their parents or others paying part or all of their tuition and the church related four year colleges which said students attend."

In view of the decision reached above, it is unnecessary to decide this motion at this time.