possessed the .38 caliber pistol "in commerce or affecting commerce." Since such a showing was not made by the government in this case, the conviction cannot stand.

Because of the result we have reached, it is unnecessary to discuss the several other contentions Harp raises on appeal.

The judgment of the district court is reversed and the cause is remanded to the district court for further proceedings not inconsistent with United States v. Bass, supra.

Reversed and remanded.

UNITED STATES of America,
Plaintiff-Appellee,

v.

William Cleveland MERRITT, Jr.,
Defendant-Appellant.

No. 71-2727
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 8, 1972.

Howard B. Law, Dallas, Tex. (Court appointed), for defendant-appellant.

Eldon B. Mahon, U. S. Atty., Charles D. Cabaniss, Asst. U. S. Atty., William F.

Sanderson, Jr., Asst. U. S. Atty., for plaintiff-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

The defendant contends that his confession was not voluntarily given and, further, that he was deprived of the benefit of counsel during the interrogation. The district judge, after a hearing on motion to suppress, found that his confession was voluntarily given, and that he had voluntarily waived his right of counsel. These findings are not clearly erroneous. United States v. Gunn, 428 F. 2d 1057 (5th Cir. 1970). The judgment is

Affirmed.

WEST TENNESSEE ACLU et al.,
Plaintiffs-Appellees,

v.

CITY OF MEMPHIS, TENNESSEE and Henry Loeb, Mayor of Memphis, Tennessee, Defendants-Appellants.

No. 71-1267.

United States Court of Appeals,
Sixth Circuit.

Jan. 25, 1972.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N.Y., 431 F.2d 409, Part I (5th Cir. 1970).

available to other patriotic groups. The plaintiff, Selective Service Counseling and Information Association, sought the use of the office which was denied by the Mayor because he did not consider the plaintiff organization "worthwhile and in the community interest."

Thereafter, the plaintiffs instituted this action for declaratory judgment and injunctive relief under 42 U.S.C. § 1983. The plaintiffs claim that the Selective Service Counseling and Information Association should be granted equal rights to the use of the office in question.

After hearing the District Court concluded that under Tennessee law the Mayor was not permitted to allow a non-governmental organization to occupy space in a municipal building absent statutory or charter authority giving it the right to do so. This issue was not presented by any of the pleadings in the case. The Trial Court's decision was based entirely upon Tennessee Law, although there is some passing reference to the plaintiffs' Civil Rights in the order for injunction. We neither accept or reject the District Judge's conclusion that occupancy of an office in the Memphis City Hall by Memphians for Patriotism was a violation of the laws of the State of Tennessee. It does appear that this case presents an issue which may be controlled by the laws of the State of Tennessee. Under those circumstances the District Judge should have dismissed the action and permitted the parties to resort to the state courts for any relief because: "A state court decision here, however, could conceivably avoid any decision under the Fourteenth Amendment and would avoid any possible irritant in the federal-state relationship." Reetz v. Bozanich, 397 U.S. 82, 86, 87, 90 S.Ct. 788, 790, 25 L.Ed.2d 68 (1970).

The judgment of the District Court is reversed.

James M. Manire, Memphis, Tenn., for defendants-appellants; Joseph A. Canale, Dorothy Osradker, Memphis Tenn., on brief.

William E. Caldwell, Memphis, Tenn., for plaintiffs-appellees; Ratner, Sugarmon & Lucas, Memphis, Tenn., on brief.

Before BROOKS, MILLER and KENT, Circuit Judges.

**PER CURIAM.**

The defendants-appellants bring this appeal from the order of the District Court, 323 F.Supp. 234, restraining them from making an office in the Memphis City Hall available to a group known as "Memphians for Patriotism." The parties will be referred to as in the Court below. The defendant, Mayor of Memphis, upon learning that there was a vacant office in the Memphis City Hall made it available to a group described as "Memphians for Patriotism," and announced that the office would be