**Mary BASCOM and Alice Hightower and all others similarly situated, Plaintiffs,**

v.

**Eugene PERRY, Clerk of Black Hawk County District Court, et al., Defendants.**

No. 72–C–524–EC.

United States District Court,
N. D. Iowa, E. D.
March 28, 1973.

R. James Sheerer, Waterloo, Iowa, for plaintiffs.

Thomas R. Hronek, Asst. Atty. Gen., and Lorna L. Williams, Sp. Asst. Atty. Gen., Des Moines, Iowa, David J. Dutton, Black Hawk County Atty., Waterloo, Iowa, for defendants.

Before LAY, Circuit Judge, and McMANUS and STUART, District Judges.

## ORDER

## PER CURIAM.

This action for injunctive and declaratory relief attacking the constitutionality of certain Iowa Statutes regarding prepayment of fees as they relate to dissolution of marriage proceedings was tried to a three-judge court.

Plaintiffs assert that Sections 606.-15(1) [1] 1971 Code of Iowa and IRCP 60(i), 62 and 63 [2] are unconstitutional insofar as they are applied to a marriage dissolution proceeding as violating the due process and equal protection clauses of the 14th Amendment to the United States Constitution.

Specifically, plaintiffs contend that under Iowa law they are required to pay the filing fees and costs of publication of notice before they may have their marriages dissolved and, that since they are indigent and unable to pay the fees, they are being denied their constitutional rights under Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971).

■ Defendants deny that Iowa law requires the prepayment of the fees in question and assert that since the law is unclear and involves an area of particular state interest that this court should abstain to allow the Iowa Court to construe its statutes.

■ It is the view of the court that defendants' position is well taken. The doctrine of abstention gives a federal district court the discretion to decline or to postpone the exercise of its jurisdiction in deference to state court resolution of underlying issues of state law. E. g., Railroad Comm'n of Texas v. Pull-

1. § 606.15 provides in part:
   " . . . . the clerk of the district court shall charge and collect the following fees, all of which shall be paid into the county treasury for the use of the county except as indicated:
   1. For filing any petition, . . . docketing the same, four dollars . . . In counties having a population of one hundred thousand or over, an additional one dollar shall be charged and collected, to be known as the journal publication fee. . . . "

2. Iowa Rules of Civil Procedure provide in part:
   "60. *Service by publication—what cases.* After filing an affidavit that personal service cannot be had on an adverse party in Iowa, the original notice may be served by publication, in any action brought:

   (i) For divorce (dissolution of marriage) . . ., against a defendant who is a nonresident of Iowa or whose residence is unknown. . . . "
   "62. *How published.* Publication of original notice shall be made after the filing of the petition, once each week for three consecutive weeks in a newspaper of general circulation published in the county where the petition is filed; such newspaper to be selected by the plaintiff or his attorney.
   63. *Proof of publication.* Before default is taken, proof of such publication shall be filed, sworn to by the publisher or an employee of the newspaper."

man Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); Hostetter v. Idlewild Bon Voyage Liquor Corp., 377 U.S. 324, 84 S.Ct. 1293, 12 L.Ed.2d 350 (1964); Baggett v. Bullitt, 377 U.S. 360, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1963). This doctrine has its basis in the court's reluctance to adjudicate unnecessary constitutional issues or to render tentative determinations on questions of state law. It recognizes the principles of comity and regard for the interest and sovereignty of the states. *See e. g.*, Railroad Comm'n of Texas v. Pullman, supra; Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970); United States v. Shock, 379 F.2d 29 (8th Cir. 1967). In addition the court has recognized its application where extensive and complex areas of state policy are involved. Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).

■ Before this doctrine applies, however, the court must determine that there is a distinct claim having its basis in state rather than federal law, that the state law is unclear and that the federal constitutional question is dependent upon, or may be materially altered by its determination. Railroad Comm'n of Texas v. Pullman Co., supra; Harman v. Forssenius, 380 U.S. 528, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1965); Reetz v. Bozanich, supra; Askew v. Hargrave, 401 U.S. 476, 91 S.Ct. 856, 28 L.Ed.2d 196 (1971). In addition, for some time the Supreme Court has evidenced a reluctance to apply the doctrine indicating that it should be narrowly limited to cases of special circumstances especially where there might be a chilling effect upon First Amendment rights caused by the delay incumbent in abstention. Zwickler v. Koota, 389 U.S. 241, 248–249, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967); Baggett v. Bullitt, supra. While there now appears some question as to necessity of these special circumstances, and the Second Circuit in Reid v. Board of Education of City of New

York, 453 F.2d 238 (2d Cir. 1971) has read the recent cases of *Reetz* and *Askew* as constituting a rejuvenation of the abstention doctrine set forth by the court prior to 1950, this case is distinguishable from *Zwickler* and *Baggett* and the other cases narrowly construing the doctrine in that here we have an unclear question of state law in an area of particular state interest which is distinct from the federal claim and there are no First Amendment rights involved.

■ Plaintiffs apparently contend that abstention is improper where jurisdiction is founded under 28 U.S.C. § 1343 or at least it should be sparingly applied where fundamental rights are involved. Initially, it should be pointed out that abstention should not be confused with the concepts of exhaustion of state remedies or that of for reasons of judicial economy allowing the state courts the first opportunity to resolve a dispute which is clearly improper under 42 U.S.C. § 1983. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963); Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed. 515 (1971). However, it seems equally clear that the mere fact that a claim is brought under § 1983 does not prevent the application of abstention if the other prerequisites are met. Harrison v. N. A. A. C. P., 360 U.S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152 (1959); Reid v. Board of Education of City of New York, supra; Romero v. Coldwell, 455 F.2d 1163 (5th Cir. 1972); Hobbs v. Thompson, 448 F.2d 456 (5th Cir. 1971).

Several factors lead us to conclude that abstention is proper in the case before us. Initially, we are faced with ambiguous state statutes. Neither statute under attack specifically provides when the fees must be paid and, when read in conjunction with §§ 79.4 and 79.-5 [3] Code of Iowa, the ambiguity is magnified. This is further evidenced by the

---

3. Section 79.4 provides:
   "*When fees payable.* When no other provision is made on the subject, the

party requiring any service shall pay the fees therefor upon the same being rendered, and a bill of particulars being

divergent practices between Polk and Black Hawk counties. In Polk county, no prepayment is required while in Black Hawk, it is. Further, construction by the state court may eliminate entirely or at least present the constitutional question in a different posture. For example, the state court may find that no prepayment is required or finding that prepayment is required construe other provisions as authorizing the payment.[4] Finally, while it cannot be doubted that the marital relationship and the associational interest that surround its establishment and dissolution are of fundamental importance, it is likewise clear that the state interest in this area is strong. In addition this case raises serious questions regarding the internal operation of the state courts as to the collection and allocation of fees and methods of obtaining personal jurisdiction. Finally, it appears that plaintiffs have avenues available to them by which they might present these questions to the state court.

It is therefore

Ordered

1. This action is stayed until plaintiffs present their claims to the appropriate state courts.

2. Plaintiffs shall forthwith notify the court upon disposition by the Iowa Supreme Court. In any event, plaintiffs shall notify the court of the status of the case in the state court by not later than January 4, 1974.

---

presented if required."

Section 79.5 provides in part:

"*Fees payable in advance.* All fees, unless otherwise specifically provided, are payable in advance, if demanded, except in the following cases:

. . . . .

2. When the fees are payable by the state or county.

3. When the orders, judgments, or decrees of a court are to be entered, or performed, or its writs executed."

4. For example § 252.27 provides in part: "*Form of relief—condition.* The relief may be either in the form of . . . civil legal aid, or in money. Legal aid authorized herein shall be provided only through a legal aid program approved by the county board of supervisors. . . . ."