**Michael Patrick RANSOM, on behalf of himself and all others similarly situated, Plaintiff,**

v.

**The Honorable Ernest W. BALLOU, and Walker R. Carter, Jr., Defendants.**

**Civ. A. No. 750011.**

United States District Court, W. D. Virginia, Roanoke Division.

June 2, 1975.

William L. Heartwell, III, The Legal Aid Society of Roanoke Valley, Roanoke, Va., for plaintiff.

Henry M. Massie, Jr., Asst. Atty. Gen., Richmond, Va., for defendants.

MEMORANDUM OPINION and ORDER

TURK, Chief Judge.

Plaintiff Michael Ransom brings this suit under 42 U.S.C. § 1983, asking that a three-judge court be convened pursuant to 28 U.S.C. §§ 2281 and 2284 to consider his constitutional challenges to certain Virginia statutes pursuant to which judgments are entered against convicted indigent criminal defendants for the expense of their court-appointed attorneys in state courts not of record. Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) plaintiff

seeks to represent the class of convicted criminal defendants who received court-appointed attorneys in the General District Court for the City of Roanoke and, thereafter, had judgments entered against them for the cost of said attorneys. He asks that a declaratory judgment be entered in his favor and that the defendant Carter be required to expunge the judgments assessing counsel fees from the Judgment Lien Docket and Execution Book of the Circuit Court for the City of Roanoke.

The defendants have moved to dismiss the complaint on the basis that no substantial federal question is presented, or alternatively to abstain from deciding the case until such time as the issues of state law can be resolved in the state courts. For the reasons which follow, the court denies defendants' motion to dismiss but abstains from further proceedings in this court until the courts of Virginia have had an opportunity to resolve the issues of state law.

On August 20, 1974, plaintiff was tried in the General District Court for the City of Roanoke for the traffic offense of "hit and run." Being an indigent, his request for a court-appointed attorney to defend him was granted. He was found guilty of the offense charged and the cost of his court-appointed attorney was included in the expenses certified against him. Thereafter, plaintiff appealed his conviction to the Circuit Court for the City of Roanoke and his case was heard on October 22, 1974 by the Honorable Ernest Ballou, defendant herein. Judge Ballou reduced the fines assessed against plaintiff and sentenced him to 90 days in jail, the execution of which was suspended "during his good behavior and that he pay the fine and costs." Included in the costs was the $100 for his court-appointed attorney. Plaintiff failed to pay the $100 within the 60 days allotted for that purpose by Judge Ballou with the result that this amount was certified in the Judgment Lien Docket and Execution Book for the court by the defendant Walker Carter, the Clerk of the Circuit Court for the City of Roanoke.

Plaintiff contends that the judgment against him for the expense of his court-appointed attorney violated the due process clause of the Fourteenth Amendment in that he was not afforded notice of this potential judgment prior to the time counsel was appointed by the court. Secondly, he urges that the recoupment of attorney fees is unconstitutional in that it deters the exercise by an indigent criminal defendant of his constitutional right to counsel. Thirdly, plaintiff urges that under the Virginia statutes a judgment for the costs of his court-appointed counsel is not entitled to the same exemptions which are available to other judgment debtors, thus creating a classification which is violative of the Equal Protection Clause of the Fourteenth Amendment. Finally, plaintiff contends that certain of the Virginia statutes in question are unconstitutional under the Thirteenth Amendment in that they authorize imprisonment for the non-payment of court costs.

 The aforementioned constitutional challenges are clearly of sufficient substance to withstand defendants' motion to dismiss, and absent a strong basis for abstention, a three-judge court as provided for in 28 U.S.C. §§ 2281 and 2284 would be required.[1] See *Goosbey v. Osser*, 409 U.S. 512, 418, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973). However, in addition to the several constitutional claims presented, the plaintiff also argues that recent state statutes governing the appointment of counsel for indigent criminal defendants intend that the costs of such appointments not be recovered by the state. The Court is of the opinion that this claim, which is solely a matter

---

1. In a case calling for a three-judge court the decision to abstain because of an unsettled question of state law may be made by a single judge. *Cooper v. Meskill*, 376 F.Supp. 731 (D.Conn.1974).

of construction of various state statutes, is of sufficient merit to justify abstention at this time.

The action of the General District Court Judge in assessing and certifying the cost of plaintiff's court-appointed counsel against him was based on § 19.-1–319 of the Code of Virginia (1950), as amended, which provides:

> § 19.1–319. *Judges of courts not of record, etc., to certify to clerk costs of proceedings in criminal cases before them.*—A judge of a court not of record before whom there is any proceeding in a criminal case shall certify to the clerk of the circuit court of his county or the corporation court of his city, and a judge or court before whom there is, in a criminal case, any proceeding preliminary to conviction in another court, upon receiving information of the conviction from the clerk of the court wherein it is, shall certify to such clerk all the expenses incident to such proceedings which are payable out of the State treasury.

The expenses so certified are then docketed by the Clerk and executed upon in accordance with §§ 19.1–320 and 19.1–336 of the Code. Since the expense of court-appointed counsel is paid out of the state treasury the defendants have apparently applied § 19.1–319 to encompass such an expense.

However, in 1973, following the Supreme Court's decision in *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), the Virginia General Assembly enacted a series of statutes relating to the appointment of counsel for indigents. Section 19.1–241.7 provides for the appointment of counsel "in any case in which a person is charged with an offense, the penalty for which may constitute confinement in jail"; § 19.1–241.8 provides for informing an accused of his right to counsel; and § 19.-1–241.9 sets forth the forms to be signed by an accused if he is indigent and desires court-appointed counsel or if he desires to waive his right to counsel. Of particular significance to the present case is the form specified by § 19.1–241.9 relating to the waiver of counsel which reads:

> "I have been advised this . . . . . day of . . . . . . ., 19. . . . . . . . ., by the (name of court) court of my rights to representation by counsel in the trial of the charge pending against me. I have been further advised that, if I am unable to afford counsel, one will be appointed for me *free of charge*.
>
> "Understanding my right to have counsel appointed for me free of charge, I wish to waive that right and have the court proceed with my case without an attorney being appointed for me.
>
> "I hereby waive my right to have counsel appointed for me, voluntarily and of my own free will, without any threats, promises, force or undue influence." (emphasis added).

Also pertinent to the present case is § 19.1–241.11 which provides for the compensation of court-appointed counsel with such compensation to be fixed by the courts, but not to exceed $75 for services rendered in a court not of record. No reference is made in these statutes to the state recovering this cost.

Plaintiff contends that if § 19.1–319 of the Virginia Code is construed to require the state to recover the cost of court-appointed counsel, then it is in conflict with the more recent statutes, *i. e.*, §§ 19.1–241.7—19.1–241.11, which clearly intend that counsel be appointed for indigents "free of charge." He further contends that the more recent statutes which deal specifically with the issue of court-appointed counsel for indigent criminal defendants should supercede and by implication repeal the earlier more general statutes to the extent of any conflict.

The parties herein agree that the aforementioned argument based on the construction of the state statutes has not been presented to the state courts and is without judicial construction. It is apparent that if the plaintiff's state

law argument were accepted, the basis for his federal constitutional claim would be obviated. In view of these circumstances and the fact that Virginia law appears to provide a means by which this issue of state law may be decided, the court is of the opinion that it should abstain.

The rationale for abstention in this case has its genesis in *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), a case in which an order of the Texas Railroad Commission was challenged as being unauthorized by state law and in violation of the Fourteenth Amendment to the Constitution. In reversing the lower court and requiring abstention the court stated:

> "In this situation a federal court of equity is asked to decide an issue by making a tentative answer which may be displaced tomorrow by a state adjudication. [citations omitted]. The reign of law is hardly promoted if an unnecessary ruling of a federal court is thus supplanted by a controlling decision of a state court. The resources of equity are equal to an adjustment that will avoid the waste of a tentative decision as well as the friction of a premature constitutional adjudication." 312 U.S. 500, 61 S.Ct. 645.

This so called "Pullman doctrine" has been consistently applied in cases in which state law might be construed so as to avoid federal constitutional issues. *E. g., Harris County Commissioners Court v. Moore*, 420 U.S. 77, 95 S.Ct. 870, 43 L.Ed.2d 32 (decided February 18, 1975); *Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972); *Askew v. Hargrave*, 401 U.S. 476, 91 S.Ct. 856, 28 L. Ed.2d 196 (1971); *Reetz v. Bozanich*, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970); *Webster v. Perry*, 512 F.2d 612 (4th Cir. 1975); *see C. Wright, Law of Federal Courts* 196–197 (2d ed. 1970).

The case at bar is no different. Resolution of the apparent conflict in the state statutes by the state courts might prevent unnecessary constitutional adjudication and avoid " 'needless friction' between federal pronouncements and state policies." *Reetz v. Bozanich*, 397 U.S. 82 at 87, 90 S.Ct. 788 at 790 (1970) quoting from *Pullman, supra* at 312 U.S. 500, 61 S.Ct. 643.

Plaintiff has questioned whether he can at this late date get an authoritative resolution of the state issue in state court. In response to this, the defendants have suggested that he could file a mandamus action pursuant to §§ 8–704 *et seq.* of the Virginia Code or seek a Declaratory Judgment pursuant to §§ 8–578 *et seq.* of the Virginia Code. Whether these or possibly other state jurisdictional avenues are open to plaintiff at this time remains to be seen, however, until reasonable efforts are undertaken by the plaintiff to obtain resolution of the issues of state law by the state courts, this court is constrained to abstain from further consideration of the case. This court will retain jurisdiction of this suit pending the outcome of state proceedings brought within a reasonable period of time by plaintiff.