Katherine BEAVERS et al.,
Plaintiffs,

v.

Allyn SIELAFF and Samuel Sublett, Jr.,
Defendants.

No. 75 C 317.

United States District Court,
N. D. Illinois, E. D.

Sept. 16, 1975.

**596**

John D. Shullenberger, James M. De-Zelar, Joan D. Levin, Roger B. Derstine, Chicago, Ill., for plaintiff.

William J. Scott, Atty. Gen., Melbourne A. Noel, Jr., Asst. Atty. Gen., Chicago, Ill., for defendants.

Before BAUER, Circuit Judge, PARSONS, District Judge, and MAROVITZ, Senior District Judge.

## PRETRIAL MOTIONS

MAROVITZ, Senior District Judge.

### I. *Introduction*

This is a civil rights action brought by plaintiff Katherine Beavers, an indigent minor, on behalf of herself and the class of children who are under the custody of the Juvenile Division of the Illinois Department of Corrections, seeking a declaratory judgment regarding the constitutionality of and to enjoin the enforcement and execution of Ill.Rev.Stat., ch. 38 § 1003–5–1(b) and Administrative Regulation No. 606 of the Juvenile Division. The statute and regulation challenged herein provided that Departmental record files concerning the plaintiff shall be confidential, and access strictly limited to authorized personnel of the Department, or to personnel of other correctional, welfare of law enforcement agencies pursuant to rules and regulations of the Department. Plaintiff and her attorneys, however, are denied access to these records, except that "the committed youth and [her] counsel shall have access to factual information only in the file when such information relates only to the determination of length of stay or commitment." Administrative Regulation No. 606. Plaintiff and the class she claims

to represent assert that the statute and regulation violate their rights to due process and equal protection of the laws, and their unimpeded access to the courts to petition for redress of grievances.

In that plaintiff's complaint seeks an injunction against the operation or execution of a state statute and administrative regulation on asserted grounds of unconstitutionality, this three-judge court was convened pursuant to 28 U.S. C. §§ 2281, 2284. We now proceed to analyze the preliminary matters pending before us.

### II. *Motion to Dismiss*

Subsequent to the filing of this action plaintiff was granted parole from the Illinois Youth Center at Geneva, Illinois, to the Family and Youth Counseling Services at Springfield, Illinois, and to her parents, by the Parole and Pardon Board of the Illinois Department of Corrections, Juvenile Division. Based upon plaintiff's parole status, defendants moved to dismiss her complaint on the grounds of mootness, asserting that plaintiff was no longer undergoing treatment in defendants' hands, and thus, records in defendants' custody which do not relate to her present care should no longer concern her.

■■ We need not decide whether plaintiff's action would be mooted by her actual discharge from the Department of Corrections or full pardon by the Parole and Pardon Board, for we find that pursuant to Ill.Rev.Stat., ch. 38 § 1003–14–2(a) plaintiff's parole did not release her from custody of the defendants, and that under Ill.Rev.Stat., ch. 38 § 1003–5–1(a) plaintiff's master file does contain all information regarding both her past and present treatment and status despite her parole.

Ch. 38 § 1003–14–2(a) provides: (emphasis added)

(a) *The Department shall retain custody of all persons placed on parole* or mandatory release and shall supervise such persons during their parole or release period in accord with the

conditions set by the Parole and Pardon Board.

Under the specific conditions set herein by the Parole and Pardon Board, "very close supervision [is] ordered," psychiatric evaluations and reports are to be kept and made available to the out-patient psychiatrist and the parole officer, and a progress report, along with recommendations is required to be submitted to the Board. All of these materials will, pursuant to Ill.Rev.Stat., ch. 38 § 1003-5-1(a), be made part of plaintiff's master record file which remains in defendants' control, and may be of present interest to her in pursuing her constitutional rights. Additionally, for purposes of habeas corpus, plaintiff remains in custody of the defendants, *Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), and may desire access to her master file in support of an application for such relief.

Accordingly, we find that plaintiff's interest in her master file is very much alive and therefore deny defendants' motion to dismiss on grounds of mootness.

### III. *Motion to Abstain*

 Defendants suggest in the alternative that this Court abstain from deciding this case until such time as an Illinois court of review has the opportunity to consider the constitutionality of ch. 38 § 1003-5-1(b). The doctrine of abstention is an exception to the general rule that a federal court, once possessing jurisdiction, should exercise it. *Cohens v. Virginia*, 19 U.S. (6 Wh.) 264, 404, 5 L.Ed. 257 (1821). Abstention by a federal court, however, is not mechanically triggered when constitutional questions regarding state law are presented. As stated by the Supreme Court in *Bagget v. Bullitt*, 377 U.S. 360, 375, 84 S.Ct. 1316, 1324, 12 L.Ed.2d 377 (1964):

> The abstention doctrine is not an automatic rule applied whenever a federal court is faced with a doubtful issue of state law; it rather involves a discretionary exercise of a court's equity powers. Ascertainment whether there

exist 'special circumstances,' *Propper v. Clark*, 337 U.S. 472, 69 S.Ct. 1333, 93 L.Ed. 1480, prerequisite to its application must be made on a case-by-case basis (Citations omitted).

*See also, Zwickler v. Koota*, 389 U.S. 241, 252, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967). And the Supreme Court has cautioned in a recent case that a federal court should be aware of the "substantial authority for the proposition that abstention is not favored in an equal protection civil rights case brought . . . under 42 U.S.C. § 1983 and 28 U.S.C. § 1343." *Mayor of Philadelphia v. Educational Equality League*, 415 U. S. 605, 628, 94 S.Ct. 1323, 1337, 39 L. Ed.2d 630 (1974).

In the development of the abstention doctrine since its articulation in *Railroad Commission v. Pullman Co.*, 312 U. S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), abstention by federal courts has generally been limited to instances where a state statute, constitutional provision, or other state law, is fairly open to question and is reasonably susceptible of an interpretation which would avoid the need for federal constitutional adjudication, or at least fundamentally alter the constitutional issues presented. *Reetz v. Bozanich*, 397 U.S. 82, 85–87, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970); *Zwickler v. Koota*, 389 U.S. 241, 248–249, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967); *Harrison v. N. A. A. C. P.*, 360 U.S. 167, 176–178, 79 S.Ct. 1025, 3 L.Ed.2d 1152 (1959). In such circumstances, the state "enactments should be exposed to state construction or limiting interpretation before the federal courts are asked to decide upon their constitutionality, so that federal judgment will be based on something that is a complete product of the State, the enactment as phrased by its legislature and as construed by its highest court." *Harrison v. N. A. A. C. P.*, 360 U.S. 167, 178, 79 S.Ct. 1025, 1031, 3 L.Ed.2d 1152 (1959).

This approach was precisely the one followed by the three-judge district court in the consolidated cases of *Avant*

*v. Cahill,* C.A. No. 1883–71 (D.N.J.), and *Austell v. Yaeger,* C.A. No. 44–72 (D.N. J.), cited and relied upon by defendants in support of their motion. There the court specifically found that the New Jersey statutory provision in question, N.J.S.A. 30:1–12, lacked sufficient statutory standards and that abstention was mandated "to permit construction by the New Jersey Supreme Court of that expression of the New Jersey State Legislature, which construction may very well avoid a holding of Federal unconstitutionality." Opinion at 6. It was the total lack of standards or guidelines in the New Jersey statutory language and the possibility of a state court construction which would avoid the federal issues which compelled that court's abstention.

■ Here, however, we find that the Illinois statute is clear on its face, and that there is no basis for abstention in the hope that the statute can be construed so as to render it unnecessary to decide the federal issues. *See Wisconsin v. Constantineau,* 400 U.S. 433, 439, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971); *Harman v. Forssenius,* 380 U.S. 528, 534, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1965). Rather, in the present case, abstention would only serve to delay plaintiff without resolving her basic constitutional claims. Accordingly, we decline defendants' invitation to abstain.

### IV. Motion to Certify the Class

Plaintiff has moved to have this action certified as a class action pursuant to Rule 23(c) F.R.Civ.P. on behalf of herself and all other minors adjudicated delinquent and committed to defendants. We proceed to analyze plaintiff's motion without the assistance of a responsive pleading on this issue from the defendants. *See* Local General Rule 13.

■ We hold that this is a proper class action. The requirements of Rules 23(a) and (b)(2) Fed.R.Civ.P. are amply satisfied. The proposed class consists of plaintiff and "all other minors in the custody of the Juvenile Division, IDOC through commitments under the Illinois Juvenile Court Act, Ill.Rev.Stat., ch. 37 § 705–10." Complaint ¶ 16. Plaintiff estimates that "there are literally hundreds of children committed to the IDOC–JD pursuant to the Illinois Juvenile Court Act each year from Cook County alone." Memorandum In Support 3–4. Regardless of the exact number, it is undeniable that given the transitory nature and size of the class joinder of all members is impracticable. Plaintiff's challenge to the statute and regulation raises questions common to the class and her claims are typical of the claims of all. The representative party has competent counsel, experienced in this area of the law, and we believe that they will adequately represent the interests of the class. Finally, as required by Rule 23(b)(2) the defendants have acted on grounds which are generally applicable to the class, making appropriate injunctive or declaratory relief with respect to the class as a whole.

In summary, defendants' motion to dismiss on grounds of mootness is denied; defendants' motion to abstain is denied; and plaintiff's motion to certify the class is granted.