Fernando PEREZ et al.

v.

**Jerald STEVENS, Individually and in his capacity as Commissioner of the Massachusetts Department of Public Welfare.**

**Civ. A. No. 75–4529–F.**

United States District Court,
D. Massachusetts.

Dec. 24, 1975.

Jim Hammerschmith, Western Mass. Legal Services Inc., Northampton, Mass., William A. Breitbart, Western Mass. Legal Services, Inc., Springfield, Mass., Ellice Fatoulla, Cambridge, Mass., for plaintiffs.

Garrick F. Cole, Asst. Atty. Gen., Terry Jean Seligmann, S. Stephen Rosenfeld, Asst. Attys. Gen., Boston, Mass., for defendant.

Before CAMPBELL, Circuit Judge, and MURRAY and FREEDMAN, District Judges.

## MEMORANDUM

FREEDMAN, District Judge.

Plaintiffs have brought this class action against the Commissioner of Public Welfare of the Commonwealth of Massachusetts seeking to invalidate certain amendments to the General Relief statute, G.L. c. 117, § 1 et seq., and the

regulations promulgated thereunder. The amendments were enacted as Chapter 618 of the Acts of 1975; the regulations were written by defendant and are set forth in State Letter 374. The case, as originally filed presented a federal constitutional challenge to the statute and regulations. Since an injunction was sought a three-judge court was designated on November 7, 1975, in accordance with 28 U.S.C. §§ 2281, 2284. Subsequently, on November 18, 1975, plaintiffs amended the complaint raising for the first time the question of whether the regulations are inconsistent with the statute and therefore invalid. This issue is purely one of state law. We have concluded that it is a question which ought to be considered by the state courts and have therefore decided to abstain. We take this action fully recognizing the narrow scope of the abstention doctrine. *See, Reetz v. Bozanick,* 397 U.S. 82, 86, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970); *Propper v. Clark,* 337 U.S. 472, 492, 69 S.Ct. 1333, 93 L.Ed. 1480 (1949).

There are compelling reasons for deferring to the state courts in this matter. The Commonwealth has lately found itself in the midst of a fiscal crisis. As one means of easing this problem, the governor proposed, and the legislature enacted, Chapter 618 eliminating "employables" from the General Relief rolls. Before passing this measure, however, the General Court had requested an advisory opinion from the Supreme Judicial Court on the constitutionality of the proposed bill. That court in *Opinion of the Justices,* 1975 Mass.Adv.Sheets 2521, 333 N.E.2d 388 (1975), recognized the state interest involved:

The principal objective of this proposed amendment is clear: to achieve what is thought to be a necessary allocation of finite State resources in a time of fiscal crisis. *Id.,* 333 N.E.2d at 398.

In its view, the bill (which later was embodied in Chapter 618) was constitutional. Since the Department of Welfare was to be given the power to promulgate regulations defining employability, the Supreme Judicial Court noted that such regulations would have to reflect the statutory purpose of alleviating limited resources in order to be valid.

We assume, of course, that the regulations promulgated by the department to define the class of persons to be deemed "employable" would be written with this rationale in mind. Regulations which are arbitrary in light of the statutory purpose could be challenged at the appropriate time under G.L. c. 30A, §§ 3, 7. *Id.,* 333 N.E.2d at 399, n. 4.

These regulations are now being challenged and if plaintiffs prevail on this issue, it would be unnecessary for us to reach the constitutional questions. This is precisely the kind of matter in which abstention is appropriate. Accordingly, this Court will abstain from exercising its jurisdiction while the parties seek an adjudication of the state law issue in the courts of the Commonwealth. We retain jurisdiction, however, for determination of the constitutional issues, if required.

■ Plaintiffs seek a preliminary injunction from this Court pending a state court decision. While we have the power to grant such relief, we decline to do so here. We do not find a sufficient likelihood that plaintiffs will succeed on their federal claims to warrant federal preliminary relief. The state courts are, of course, in a position to decide whether the state claim itself warrants preliminary relief.