**Delton John BERGSTROM, Plaintiff,**

v.

**James G. RICKETTS et al., Defendants.**

**Civ. A. No. 80–HC–65.**

United States District Court,
D. Colorado.

Aug. 8, 1980.

Delton John Bergstrom, pro se.

Robert Petrusak, Asst. Atty. Gen., Human Resources Section, Denver, Colo., for defendants.

## OPINION AND ORDER

CHILSON, District Judge.

Plaintiff is an inmate of the Colorado State Penitentiary. Proceeding in forma pauperis, he filed this action pursuant to 42 U.S.C. § 1983, alleging that the mail room officer, Mr. Turnbull, refused to deliver to him certain books which he had purchased and paid for on the grounds that they were "obscene material". Plaintiff asserts the refusal to deliver the books to him constitutes a violation of his rights under the First Amendment to the Federal Constitution and seeks injunctive and monetary relief.

Obscene material is not protected by the First Amendment and is subject to state regulation. *Roth v. United States*, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957); *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). In 1971, the Colorado legislature enacted a statute regulating obscene material. C.R.S.1973, 18–7–401 et seq.

In 1975, the Colorado Supreme Court held the 1971 statute "unconstitutionally vague and overbroad" and violative not only of the First and Fourteenth Amendments to the Federal Constitution, but also violative of Article II, Section 10 of the Colorado Constitution which guarantees freedom of speech and press. *People v. Tabron*, 190 Colo. 149, 544 P.2d 372 (1975).

In 1977, the Colorado legislature repealed the 1971 statute and enacted a new statute regulating obscene material. 1977 S.L. 982, C.R.S.1973, 18–7–101, et seq. Section 101 defines "obscene material" and Section 108 provides:

"Buying, receiving, or borrowing obscene or sadomasochistic material—penalty. (1) A person knowingly buying, receiving, or borrowing any obscene material or sadomasochistic material commits acquisition of obscene material or sadomasochistic material. (2) Acquisition of obscene material or sadomasochistic material is a class 2 petty offense, and any person convicted thereof shall be punished by a fine of not more than fifty dollars."

The Colorado Board of Corrections thereafter adopted regulation 301–5 which in pertinent part provides:

"4. *OBSCENITY CONTRABAND*:

"CRS 1973, 18–7–108, as amended.

"a. Buying, receiving or borrowing obscene or sadomasochistic material—penalty.

"1. A person knowingly buying, receiving or borrowing any obscene or sadomasochistic materials.

"2. Acquisition of obscene or sadomasochistic material is a Class 2 petty offense and any person convicted thereof shall be punished by a fine of not more than fifty dollars ($50.00)."

The Colorado Supreme Court has not ruled on the validity or invalidity of the 1977 statute and the question of its validity remains unsettled.

If the Colorado courts should rule that the 1977 statute is in violation of the state constitution or is otherwise invalid, we do not reach the federal question involved in this action.

Consequently, this Court should consider whether or not it should abstain from determining the federal constitutional question until the state courts are afforded an opportunity to construe the 1977 statute and determine its validity or invalidity under the state constitution.

We recognize that abstention is proper only in narrowly limited special circumstances. *Zwickler v. Koota*, 389 U.S. 241, 248, 88 S.Ct. 391, 398, 19 L.Ed.2d 444 (1967).

The circumstances in this case are closely analogous to those considered by the United States Supreme Court in *Reetz v. Bozanich*, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970).

In *Reetz*, a three-judge federal district court held that an Alaskan statute regulating salmon fishing violated the Equal Protection Clause of the Fourteenth Amendment and the Constitution of Alaska as well. The three-judge court refused to abstain pending the determination of the Alaska constitutional question by Alaska courts stating that a prompt decision was necessary to avoid the grave and irreparable injury to the economic livelihood of the plaintiffs which would result if a decision were not promptly rendered.

The Supreme Court reversed the district court holding that the district court should have abstained stating:

"We appreciate why the district court felt concern over the effect of further delay on these plaintiffs, the appellees here; but we have concluded that the first judicial application of these constitutional provisions should properly be by an Alaskan court."

In support of its conclusions, the Supreme Court quoted from *City of Meridian v. Southern Bell Tel. and Tel. Co.*, 358 U.S. 639, 79 S.Ct. 455, 3 L.Ed.2d 562 as follows:

"Proper exercise of federal jurisdiction requires that controversies involving unsettled questions of state law be decided in the state tribunals preliminary to a federal court's consideration of the un-

derlying federal constitutional questions. . . . That is especially desirable where the questions of state law are enmeshed with federal questions. . . . Here, the state law problems are delicate ones, the resolution of which is not without substantial difficulty—certainly for a federal court. . . . In such a case, when the state court's interpretation of the statute or evaluation of its validity under the state constitution may obviate any need to consider its validity under the Federal Constitution, the federal court should hold its hand, lest it render a constitutional decision unnecessarily." Page 640, 79 S.Ct. page 457.

The Supreme Court also referred to its decision in *Railroad Commission v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 stating:

"The *Pullman* doctrine [abstention] was based on the avoidance of needless friction between federal pronouncements and state policy. 312 U.S. at 500, [61 S.Ct. 643, 645]. The instant case is the classic case in that tradition, for here the nub of the whole controversy may be the state constitution."

We conclude that *Reetz* is applicable to the circumstances of this case and this Court should stay further proceedings in this action to afford the plaintiff a reasonable opportunity to apply to the state courts of Colorado for an authoritative declaration of the applicable state law.

### ORDER

IT IS THEREFORE ORDERED that further proceedings in this action are hereby stayed until the further order of the Court herein.

IT IS FURTHER ORDERED that the plaintiff shall, on or before December 31, 1980, advise the Court of any action he has filed in the courts of the State of Colorado to litigate the questions here involved.