Kenneth B. STEPHENS, on behalf of himself and all others similarly situated, Plaintiff-Appellant,

v.

George P. TIELSCH, Chief of Police of the City of Seattle, Defendant-Appellee.

No. 73–3580.

United States Court of Appeals, Ninth Circuit.

Sept. 3, 1974.

Peter Greenfield (argued), of the Legal Services Center, Seattle, Wash., for appellant.

Charles R. Nelson (argued), Asst. City Atty., Seattle, Wash., for appellee.

Before BROWNING and CHOY, Circuit Judges, and WEIGEL,* District Judge.

OPINION

CHOY, Circuit Judge:

Appellant, Kenneth Stephens, brought this civil rights action to challenge a Seattle city ordinance, Seattle, Wash., Code c. 21.48, which permits the towing of illegally parked vehicles. Basically, his claim is that it offends procedural due process not to require that a hearing be held immediately after a vehicle is towed but before the towing charges are paid. The district court invoked the doctrine of abstention so as to permit state judicial consideration of Stephens' claim; it reasoned that the issue was one of local concern which had "not been subjected to the full scrutiny of the state courts." We reverse.

The ordinance, the parties agree, is unambiguous and thus not itself in need of a clarifying interpretation. So, while the lower court's opinion is not entirely clear on the precise reason it abstained, it must have been to allow the Washington courts to pass on the validity of the ordinance under the due process clause of the state constitution, Wash.Const., Art. I, § 3. That provision is interpreted in essentially the same way as the due process clause of the Fourteenth Amendment. *E. g.,* Olympic Forest Products, Inc. v. Chaussee Corp., 82 Wash.2d 418, 422, 511 P.2d 1002, 1005 (1973). The sole issue on this appeal, therefore, is whether it is proper for a federal court to abstain to enable the local courts to consider a case in the light of a state constitutional provision which is essentially the mirror of the portion of the federal Constitution at issue in the case.

We think there can be little doubt of how this issue ought to be resolved,

---

* The Honorable Stanley A. Weigel, U.S. District Judge for the Northern District of California, sitting by designation.

whether on grounds of precedent or on grounds of policy.

As to the precedent, the Supreme Court, in Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971), confronted the very same issue. There, it held unconstitutional a Wisconsin statute which permitted sheriffs to post the names of notorious drunks in local taverns without prior notice or hearing. The little-used statute had never been interpreted in the state courts. Seizing on this fact, Chief Justice Burger, in dissent, argued that abstention was appropriate to consider the statute under the state's due process clause, a provision, he noted, which was construed like its federal counterpart. *Id.* at 440 & n. 1, 91 S.Ct. 507. The Court declined to adopt the Chief Justice's position. Observing that the statute was unambiguous, *id.* at 439, 91 S. Ct. 507, 511, Justice Douglas, writing for the Court, held that abstention would not be appropriate "merely to await an attempt to vindicate the claim in a state court." *Id.; see* Conover v. Montemuro, 477 F.2d 1073, 1088 n. 26 (3d Cir. 1973) (Adams, J., concurring).

*Constantineau* would appear to bind us here.[1]

It is urged, however, that other cases have undercut the holding of *Constantineau*. These cases are distinguishable. The two most cogent [2] are Askew v. Hargrave, 401 U.S. 476, 91 S.Ct. 856, 28 L.Ed.2d 196 (1971) and Garfinkle v. Wells Fargo Bank, 483 F.2d 1074, 1077–1078 (9th Cir. 1973). In *Hargrave* the plaintiffs challenged an educational taxing scheme on equal protection grounds. In a brief per curiam the Court ordered abstention. It is not clear that what the Supreme Court wished the state courts to initially decide was a claim based on the state's counterpart to the equal protection clause; the opinion simply does not say. However, it does seem likely that there were non-mirror state issues in the case, for otherwise it certainly would have been appropriate for the Court to have discussed *Constantineau*, decided earlier in the term. Even were that not so, there is a critical difference between *Hargrave* and both *Constantineau* and the instant case.[3] In *Hargrave* another action making the same challenge was pending in the Florida

1. A number of other cases, relying on *Constantineau*, have rejected the notion that abstention is proper "where the state claims . . . are grounded upon state constitutional rights which are merely counterparts for the federal rights asserted." Reid v. Board of Education, 453 F.2d 238, 244 (2d Cir. 1971) (dictum). *See* Boraas v. Village of Belle Terre, 476 F.2d 806, 811–812 (2d Cir. 1973), Rev'd on other grounds, 416 U.S. 1, 94 S.Ct. 1536, 39 L.Ed.2d 797 (1974); Public Funds for Public Schools of New Jersey v. Marburger, 358 F.Supp. 29, 32 (D.N. J.1973) ; Barrick Realty, Inc. v. City of Gary, 354 F.Supp. 126, 130 (N.D.Ind.1973), aff'd, 491 F.2d 161 (7th Cir. 1974) ; *cf.* Procunier v. Martinez, 416 U.S. 396, 400–401, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974) ; Steffel v. Thompson, 415 U.S. 452, 475–476 n. 22, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974) ; Webster v. Perry, 367 F.Supp. 666, 670 (W.D.N.C. 1973) (dictum). *See also* Canton v. Spokane School District No. 81, 498 F.2d 840, 844–846 (9th Cir., 1974).

2. Two other cases are more easily distinguishable. First, in City of Meridian v. Southern Bell Tele. & Tele. Co., 358 U.S. 639, 79 S.Ct. 455, 3 L.Ed.2d 562 (1959), Southern Bell challenged a city tax arguing that an 1886 Mississippi statute granted it a perpetual franchise. It claimed that the statute was a contract that the city could not impair ; one unclear issue of state law was the meaning of this statute. See the opinion below, 154 F.Supp. 736, 737–738 (S. D.Miss.1957). Also, the city contended that the preexisting franchises were extinguished by the 1890 Mississippi constitution. 154 F.Supp. at 738. A second state issue was thus based on the state constitution, but it was unique to the Mississippi constitution. Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970), is similar in this respect. Abstention was ordered because of the possible applicability of two previously uninterpreted sections of the Alaska constitution. Both dealt specifically with fishing rights and obviously have no federal counterparts.

3. *Cf.* testimony of Judge Friendly, Hearings on S. 1876 Before the Subcomm. on Improvements in Judicial Machinery of the Senate Comm. on the Judiciary, Part 2, 92d Cong., 2d Sess. 759–60 (1972).

courts, a factor on which the Court relied. There was, then, "a *substantial* and *immediate* possibility of obviating [the] federal claim by a decision on state law grounds." Steffel v. Thompson, 415 U.S. 452, 475 n. 22, 94 S.Ct. 1209, 1224, 39 L.Ed.2d 505 (1974) (emphasis added).

In *Garfinkle* the plaintiffs claimed California's system of nonjudicial mortgage foreclosure did not provide sufficient procedural safeguards to measure up to due process standards. The court found abstention was appropriate "inasmuch as it does not appear that the precise constitutional questions, which have been asserted in this case, have been finally settled in the California courts." 483 F.2d at 1077. While some of the language in the opinion, especially the quoted statement, supports appellee, a closer examination reveals that there were a number of disputed state law issues in the case which were not by any means identical to the Garfinkles' federal constitutional challenge—for example, whether the plaintiff had in fact defaulted on his mortgage, the extent of foreclosure notice and hearing required under local law, and so on. Indeed, plaintiffs suggested the propriety of abstention because of the controversy over those issues.

> [W]e feel compelled . . . to acknowledge that the bank has challenged a large number of our statements of the law of California. This Court could properly determine that abstention is prudent, either on the entire case or, more particularly, on the state law question of whether there has been a default.[4]

4. Memorandum of Additional Authorities, June 28, 1973 at 2.

5. This also seems to have been the case in Warren v. Government Nat. Mort. Ass'n,

This, we think, was the ground for abstention in *Garfinkle,* not the supposed presence of state constitutional issues identical to the federal ones.[5]

As to the policy grounds, it would entail wasteful duplication of effort to send cases back for state adjudication in the circumstances present here. Litigants would have two bites at the apple —first in state court, then in federal court—both on essentially the same constitutional claim.

More importantly, abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." Allegheny County v. Frank Mashuda Co., 360 U.S. 185, 188, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163 (1959). In this connection, we have said that civil rights cases "are the least likely candidates for abstention." Canton v. Spokane School District No. 81, 498 F.2d 840, 846 (9th Cir. 1974), *quoting from,* Wright v. McMann, 387 F.2d 519, 525 (2d Cir. 1967). In the type of case we have here, a rule requiring abstention would seriously undermine the remedy afforded by the civil rights acts. Since most states have both some form of due process clause and some form of equal protection clause, abstention would be necessary, or at least within the power of the district judge, in nearly every civil rights action. Consequently, litigants' access to a federal forum would be significantly delayed. That could endanger the very effectiveness of the civil rights jurisdiction.

Reversed.

443 F.2d 624 (8th Cir.), cert. denied, 404 U.S. 886, 92 S.Ct. 220, 30 L.Ed.2d 169 (1971).