**John Richard BELL, Plaintiff,**

**v.**

**Patricia Anne BELL, Defendant,**

**and**

**Honorable Daniel J. Evans and Honorable Francis E. Holman, Defendants.**

**Civ. A. No. C75–908S.**

United States District Court, W. D. Washington.

April 14, 1976.

---

Michael R. Alfieri, of Moschetto & Alfieri, Seattle, Wash., for plaintiff.

James P. McGowan, of Ferguson & Burdell, Seattle, Wash., for defendant Patricia Anne Bell.

Carol A. Smith, Asst. Atty. Gen., for defendant Daniel Evans.

Diane E. Dray, King County Deputy Pros., for defendant Francis Holman.

## OPINION AND ORDER

MORELL E. SHARP, District Judge.

The plaintiff in this case seeks a declaratory judgment that the Washington Dissolution of Marriage Act, RCW 26.09 (the Dissolution Act), is unconstitutional and further requests an injunctive order preventing defendants from enforcing the Dissolution Act insofar as plaintiff is concerned until this Court has had an opportunity to rule upon the constitutional issues raised in this action.

The record indicates that in September, 1965, plaintiff and defendant wife were married. In January, 1975, the wife filed a petition for dissolution of marriage pursuant to the Dissolution Act. In August, 1975, the wife moved before the King County Superior Court for the temporary custody of the children and for temporary child support and maintenance, i. e. alimony. The King County Superior Court granted the motions, ordering plaintiff to contribute child support in the amount of $210 per month per child for the three children of the marriage and maintenance to the wife in the amount of $220 per month. The court based its award on a recommended schedule of payments set forth by the King County Superior Court. Plaintiff did not pursue an appeal of the Superior Court's order, nor did he seek a declaratory judgment in the state courts that the Dissolution Act is unconstitutional, but instead, filed this action pursuant to 28 U.S.C.A. § 1343(3), 42 U.S.C.A. § 1983 and 28 U.S.C.A. §§ 2281, 2283 and 2284, or in the alternative 28 U.S.C.A. §§ 2201 and 2202. Plaintiff contends that the Dissolution Act impairs the obligation of contracts, works as a deprivation of property without due process of law, and discriminates against members of the male sex in violation of the equal protection clause. Defendants now move for dismissal on the alternative bases that this Court is without subject matter jurisdiction, that plaintiff fails to state a claim upon which relief can be granted, or, assuming this Court has jurisdiction, that it should abstain from exercising it.

## JURISDICTION

Defendants argue that the complaint should be dismissed because the constitutional claim is insubstantial, thereby depriving the Court of subject matter jurisdiction. The Court disagrees. Although the state has a legitimate interest in controlling and managing marriage dissolutions, an allegation that the Dissolution Act establishes or condones a discriminatory basis for awarding child custody, child support and maintenance does present a substantial constitutional question.

## ABSTENTION

Having determined that a substantial constitutional question exists, the Court must now consider whether to dismiss the complaint for failure to state a claim upon which relief can be granted or to refrain from exercising jurisdiction on the basis of the abstention doctrine. Since it is clear this action should be dismissed on the basis of the abstention

doctrine, the Court need not consider the issue of whether a claim is stated upon which relief can be granted.

■ The abstention doctrine allows a federal court to decline exercising its jurisdiction in order to avoid deciding a constitutional issue and in the interest of federal-state comity. Generally speaking, abstention is appropriate when a court is presented with a challenge of state law which is unclear and subject to an interpretation that would render it needless to decide the case on the basis of a sensitive and substantial constitutional issue. *Railroad Commission of Texas v. Pullman,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). Such a situation is apparent here. First, plaintiff is challenging a recent statute which has not yet been tested in the state courts. Although it is not argued that the Dissolution Act is ambiguous on its face, it is not clear whether the statute could withstand an attack made on the basis of the Equal Rights Amendment (ERA) in the Washington State Constitution, which expressly proscribes the denial or abridgment of equality of rights and responsibilities on account of sex. Amendment 61, art. XXXI, § 1. As a result, an interpretive construction of the Dissolution Act and its application by the state courts in light of the ERA could well obviate the necessity for adjudicating this action on the basis of the federal constitution. Moreover, in light of the increasing awareness of alleged unfair disparities between the sexes, this case involves a subject touching "a sensitive area of social policy upon which the federal courts ought not enter unless no alternative to its adjudication is open." *Pullman,* 312 U.S. at 498, 61 S.Ct. at 644, 85 L.Ed. at 973.

■ Plaintiff argues, however, that an exception to the abstention doctrine has been established in § 1983 civil rights cases. On the contrary, a study of major abstention decisions undercuts any theory that a § 1983 exception exists. *See Davis v. Mann,* 377 U.S. 678, 84 S.Ct. 1441, 12 L.Ed.2d 609 (1964); *Zwickler v. Koota,* 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967); *Askew v. Hargrave,* 401 U.S. 476, 91 S.Ct. 856, 28 L.Ed.2d 196 (1971). Those cases reveal that, rather than standing as a general exception to the abstention doctrine, actions involving § 1983 claims usually do not meet the criteria established for abstention to be utilized. Such is not the situation here, for, as demonstrated supra, all the elements required for abstention are present in this case.

Further, this case is not one involving state law issues which are mirror images of the federal constitutional issues and consequently would not "entail wasteful duplication of effort" if dismissed here and sent to the state courts, as was the situation in *Stephens v. Tielsch,* 502 F.2d 1360 (9th Cir. 1974). In *Stephens,* the court determined that abstention is improper in cases where the state constitutional issues are identical with federal constitutional issues. The court reasoned that if a federal court were to abstain in order to avoid making a decision on a constitutional basis because the state constitution had a due process or equal protection clause under which the challenged state statute could be tested, then "abstention would be necessary . . . in nearly every civil rights action," since "most states have some form of due process . . . and equal protection clause." *Stephens,* 502 F.2d at 1362. Unlike *Stephens,* however, the instant case involves a unique state constitutional provision, the ERA, with no federal counterpart, and, as discussed supra, a test of the Dissolution Act's validity under such a provision could make a resolution on the basis of the federal constitution unnecessary. Such was the situation in *Reetz v. Bozanich,* 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970), where the Court upheld abstention in a challenge of Alaskan fishing statutes even though some of the state issues were mirror images of federal constitutional issues, but where the Alaska constitution had a unique provision dealing explicitly with fishing and fishing rights.

■ Finally, since the sensitive area of federal-state relationships demands a

"healthy respect" for the dual functions of federal and state sovereignties, abstention is particularly appropriate here. *Koehler v. Ogilvie,* D.C., 53 F.R.D. 98 (1970), *aff'd,* 405 U.S. 906, 92 S.Ct. 938, 30 L.Ed.2d 777 (1972). Abstention has long been considered proper in a situation in which it was desirable to avoid needless friction and conflict with a state's administration of a comprehensive statutory scheme. *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). In cases such as this involving domestic relations, traditionally considered an area of state concern, federal courts have consistently deferred to the state courts. *De Sylva v. Ballentine,* 351 U.S. 570, 76 S.Ct. 974, 100 L.Ed. 1415 (1956). To now intrude upon this area prior to an attempt by the state courts to resolve the matters in issue on the basis of state law would not be proper.

Accordingly, the Court grants defendants' motion to dismiss on the basis of the abstention doctrine.

IT IS SO ORDERED.