564 F.2d 893
 NEWPORT INVESTMENTS, INC., Appellant,
v.
The CITY OF LAGUNA BEACH, a Municipal Corporation, Roy W.
Holm, Charlton P. Boyd, Carl E. Johnson, Jr., Phyllis J.
Sweeney, Peter H. Ostrander, Edward C. Lorr, Michael R. May,
Sally R. Bellerue, John E. McDowell, Robert C. Lanphear,
Laurence A. Campbell, Wayne Moody, Richard Goldberg, Appellees.
 No. 77-1728.
 United States Court of Appeals,
Ninth Circuit.
 Nov. 17, 1977.
 
 Tim T. Paone of Virtue & Scheck, Newport Beach, Cal., for appellant.
 Tully H. Seymour, Stephen M. Chase, Newport Beach, Cal., for appellees.
 Appeal from the United States District Court for the Central District of California.
 Before ELY, WRIGHT and CHOY, Circuit Judges.
 PER CURIAM:
 
 
 1
 The appellant is a land developer. Its first amended complaint in the District Court prayed for a large amount of damages, both compensatory and punitive, and alleged seven claims. In brief, these were that the appellees:
 
 
 2
 (1) Had wrongfully condemned, inversely, the appellant's property in violation of rights guaranteed by the Constitution of the United States and by the Constitution of the State of California.
 
 
 3
 (2) Had denied equal protection of the laws to the appellant, infringing the latter's rights, under both the federal and state constitutions.
 
 
 4
 (3) Had not afforded due process of law to the appellant, as required by the fourteenth amendment.
 
 
 5
 (4) Had, in respect to the appellant, violated the Civil Rights Act (42 U.S.C. § 1983), as well as the fifth and fourteenth amendments of the federal constitution.
 
 
 6
 (5) Had, to the damage of the appellant, violated the Civil Rights Act, supra, and deprived the appellant of the equal protection guaranteed by the fourteenth amendment.
 
 
 7
 (6) Had, by acts other than those set forth in its fifth claim, wrongfully violated the same statute and amendment specified in item 5, immediately above.
 
 
 8
 (7) Had, in violation, inter alia, of the statute and amendments hereinabove specified, wrongfully interfered with certain contractual relationships between the appellant and others.
 
 
 9
 After extensive preliminary proceedings, the District Court entered an "ABSTENTION ORDER", the last paragraph of which reads as follows:
 
 
 10
 "IT IS ORDERED that this action is dismissed with leave to Plaintiff to move that this Court retain jurisdiction over the federal claims pending resolution of the state issues in the state courts."
 
 
 11
 In its appeal, the appellant argues that the District Court was without power to abstain because the complaint (1) did not seek to enjoin the enforcement of a state statute or (2) seek to enjoin state officials from wrongfully applying any valid state statute to the appellant. This contention is without merit. The District Court, citing Railroad Commission v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), exercised its discretion in the precise manner that we approved in Rancho Palos Verdes Corp. v. City of Laguna Beach, 547 F.2d 1092 (9th Cir. 1976), aff'g 390 F.Supp. 1004 (C.D.Cal.1975). Here, the District Court expressly reserved to the appellant its right to litigate, in the District Court, any of its federal claims that might remain after the California courts had been afforded the first opportunity to dispose of the litigation. This reservation was appropriate, both under the authority of England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1963), and Judge Merrill's opinion for our court in Rancho Palos Verdes Corp., 547 F.2d at 1096. We note, additionally, that since some of the appellant's claims were predicated on some of the California Constitution's "mirror image" provisions of the Federal Constitution, it was particularly appropriate that the California courts be afforded the initial opportunity of interpreting the constitution of their own state in relation to the appellant's complaint. Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970), rev'g,297 F.Supp. 300 (D.Alaska 1969). The District Court did not abuse its discretion.
 
 
 12
 The appellant further contends that the District Court's ABSTENTION ORDER was erroneous because it did not define, with specificity, the issues that the District Court intended that the state courts should first resolve. As to this contention, we first note that the appellant did not request the District Court to include any such specifications within its Order. Second, we have found no authority that supports the appellant's proposition. The district judge obviously believed, as we do, that the California courts are fully capable of making a proper determination of the particular issues that they should undertake, in the first instance, to resolve.
 
 
 13
 AFFIRMED.