**SANTA FE LAND IMPROVEMENT COMPANY, a corporation, Plaintiff-Appellant,**

v.

**CITY OF CHULA VISTA, a Municipal Corporation, Lauren I. Egdahl, Thomas D. Hamilton, James E. Hobel, Will T. Hyde and Frank A. Scott, Chula Vista City Councilmen, Defendants-Appellees.**

No. 76–2764.

United States Court of Appeals, Ninth Circuit.

March 28, 1979.

Walter J. Cummings, III, of Luce, Forward, Hamilton & Scripps, San Diego, Cal., for plaintiff-appellant.

Craig K. Beam, Chula Vista, Cal., for defendants-appellees.

Before GOODWIN and WALLACE, Circuit Judges, and CURTIS,* District Judge.

WALLACE, Circuit Judge:

Santa Fe Land Improvement Company (Santa Fe) appeals from a district court judgment abstaining from the exercise of jurisdiction and dismissing Santa Fe's action against the City of Chula Vista (the city) and the members of the Chula Vista City Council. 71 F.R.D. 573. We affirm the decision to abstain, but reverse the dismissal of the action and remand so that the district court may retain jurisdiction pending state court resolution of state law questions.

I

In 1971, the city, pending a land use study, imposed a developmental moratorium on a portion of the Chula Vista Bay Front, including Santa Fe's approximately 350 acres. In January 1974, the city amended its General Plan and adopted a specific plan for this bay front area, changing the prior industrial commercial-oriented planned land uses to a combination of commercial, residential, open space, and other uses. Thereafter, the city downzoned Santa Fe's property to make it compatible with the newly planned uses. The city set aside approximately 60 percent of Santa Fe's land for various public uses, without payment of compensation.

Santa Fe thereafter filed this suit in United States District Court, alleging four causes of action. The first, and only federal, claim sought damages for inverse condemnation, alleging a taking of property without payment of just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution, as well as Article I, Section 19 of the California Constitution. The second claim sought declaratory relief from Chula Vista's rezoning actions, which allegedly constituted an abuse of police power; the third and fourth sought relief by way of mandamus, pursuant to Cal.Civ.Proc.Code §§ 1084 (West 1955), 1094.5 (West Supp.1978), against actions of the city purported to be in excess of its jurisdiction. Although the complaint asserts no violation of California statutory land use provisions, the second through fourth claims for relief clearly implicate provisions of the city's municipal code. Specifically, Santa Fe alleges that the city failed to comply with the prerequisites of former code section 33.520 (now found throughout sections 19.48.010–.070) in downzoning Santa Fe's property.

The district court chose to abstain pursuant to both *Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), and *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), and, on the authority of the latter, dismissed the action without prejudice.

II

■ The test we apply in reviewing district court abstention decisions is whether there has been an abuse of discretion. *See Sederquist v. City of Tiburon*, 590 F.2d 278 at 281 n.5, 282 (9th Cir. 1978); *Rancho Palos Verdes Corp. v. City of Laguna Beach*, 547 F.2d 1092, 1095 (9th Cir. 1976). In this case, that determination is made by analyzing first, whether it was appropriate to abstain pursuant to *Pullman* and second, whether the action was properly dismissed pursuant to *Burford.*

*Canton v. Spokane School Dist. No. 81*, 498 F.2d 840 (9th Cir. 1974), sets forth the well-established standard for *Pullman* abstention:

(1) The complaint "touches a sensitive area of social policy upon which the fed-

* The Honorable Jesse W. Curtis, United States District Judge, Central District of California, sitting by designation.

eral courts ought not to enter unless no alternative to its adjudication is open." (2) "Such constitutional adjudication plainly can be avoided if a definitive ruling on the state issue would terminate the controversy." (3) The possibly determinative issue of state law is doubtful.

*Id.* at 845 (footnote omitted); *see Sederquist v. City of Tiburon, supra,* at 281; *Rancho Palos Verdes Corp. v. City of Laguna Beach, supra,* 547 F.2d at 1094. All three criteria must be met.

In *Sederquist* and *Rancho Palos Verdes,* we stated that " 'land use planning . . is today a sensitive area of social policy meeting the first *Canton* requirement . . .' [*Rancho Palos Verdes Corp. v. City of Laguna Beach, supra,*] 547 F.2d at 1094." *Sederquist v. City of Tiburon, supra,* at 281.

The second *Canton* requirement is also met here. In its fourth claim for relief, Santa Fe seeks a writ of mandamus pursuant to Cal.Civ.Proc. § 1094.5 (West Supp. 1978) to set aside the rezoning. Santa Fe asserts that the city's actions were "arbitrary, oppressive, unreasonable and an unreasonable exercise of the purported police power of [the city], an abuse of its discretion, and an action in excess of its jurisdiction . . . ."

In support of this claim Santa Fe asserts, among other things, that the city failed to follow its own procedures, as set out in the city's municipal code, and that the city's actions amounted to "impermissible spot-zoning." [1] If Santa Fe is correct, the state courts may well provide the requested relief.

Although Santa Fe does not directly raise the point, the state courts may possibly find that the city has exceeded its authority based upon Cal. Gov't Code § 65912 (West Supp.1978). [2] We observed in *Rancho Palos Verdes Corp. v. City of Laguna Beach, supra,* that this statute "might be authoritatively interpreted by the California courts to serve as a basis for finding that the defendants acted beyond their statutory authority . . . ." 547 F.2d at 1095. That Santa Fe did not specifically raise the question does not foreclose consideration of the issue as a basis for abstention. We agree with both the Second and Sixth Circuits, which have recognized that " '[i]t is no answer to the contention that the district court should have abstained, that appellants did not raise their state claims in their complaint. Appellants cannot be allowed to frustrate the policies underlying the doctrine of abstention by this simple expedient.' " *Muskegon Theaters, Inc. v. City of Muskegon,* 507 F.2d 199, 204 (6th Cir. 1974) (quoting *Reid v. Board of Educ.,* 453 F.2d 238, 242 n.7 (2d Cir. 1971)).

Whether we consider either or both issues, it appears to us that there are state policies and questions which may obviate the need to reach federal questions and which are best left to state courts to resolve, thus meeting the second *Canton* criterion. [3]

---

1. Santa Fe's second and third claims for relief also assert the invalidity of the city's action on similar grounds. The second claim seeks a "judicial determination" that the city's action is "void and unconstitutional," and the third claim, as does the fourth, seeks relief by way of mandamus.

2. Cal. Gov't Code § 65912 states:

 The Legislature hereby finds and declares that this article is not intended, and shall not be construed, as authorizing the city or the county to exercise its power to adopt, amend or repeal an open-space zoning ordinance in a manner which will take or damage private property for public use without the payment of just compensation therefor. This section is not intended to increase or decrease the rights of any owner of property under the Constitution of the State of California or of the United States.

3. Another possible basis of abstention under the second *Canton* test is before us but we choose not to rely upon it. Santa Fe asserts that its property was taken without payment of just compensation in violation of both the California and United States Constitutions. We could affirm the judgment of the district court on the basis that "since some of [Santa Fe's] claims were predicated on some of the California Constitution's 'mirror image' provisions of the Federal Constitution, it was particularly appropriate that the California courts be afforded the initial opportunity of interpreting

The third *Canton* test of doubtfulness of state resolution also militates against disturbing the district court's decision to abstain. To take the approach of *Sederquist v. City of Tiburon, supra,* at 282, whether a city has abused its discretion or has exceeded its jurisdiction by particular open-space zoning practices "is by nature a question turning on the peculiar facts of each case in light of the many local and state-wide land use laws applicable" to open-space zoning. "We do not claim the ability to predict whether a state court would decide that the city here abused its discretion . . . ." *Id.* There is some doubt, too, whether the state courts would follow our suggestion in *Rancho Palos Verdes Corp. v. City of Laguna Beach, supra,* 547 F.2d at 1095, regarding the possibility of relief pursuant to Cal. Gov't Code § 65912, referred to above.[4]

 The district judge thus did not abuse his discretion in ordering abstention under *Pullman.* The question remains, however, whether he was correct in ordering dismissal of the action.

 If the court abstains under *Pullman,* retention of jurisdiction, and not dismissal of the action, is the proper course. *Rancho Palos Verdes Corp. v. City of Laguna Beach, supra,* 547 F.2d at 1096; *see, e. g., England v. Louisiana State Bd. of Medical Examiners,* 375 U.S. 411, 421, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964); *Sederquist v. City of Tiburon, supra,* at 281 & n.4. Should abstention under *Burford v. Sun Oil Co., supra,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed.2d 1424, be appropriate, the action is ordinarily dismissed. *Sederquist v. City of Tiburon, supra,* at 281 n.4.

We think dismissal under *Burford* was inappropriate under the circumstances of this case. As we said in *Rancho Palos Verdes Corp. v. City of Laguna Beach, supra,* "California has not sought to concentrate challenges to the actions of any of the agencies involved here in a particular court

the constitution of their own state in relation to [Santa Fe's] complaint." *Newport Investments, Inc. v. City of Laguna Beach,* 564 F.2d 893, 894 (9th Cir. 1977) (per curiam), *quoted in Sederquist v. City of Tiburon,* 590 F.2d 278 at 282 (9th Cir. 1978). Unfortunately, *Newport Investments* did not cite an earlier case, *Stephens v. Tielsch,* 502 F.2d 1360, 1360–62 (9th Cir. 1974), in which we indicated that abstention was inappropriate where state and federal provisions simply "mirrored" one another. *Newport Investments* relied only upon *Reetz v. Bozanich,* 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970), but the Alaskan provisions involved in that case, rather than mirroring the Fourteenth Amendment of the Federal Constitution, concerned Alaska's "unique" fish resources, *id.* at 87, 90 S.Ct. 788.

Recent Supreme Court cases indicate that *Stephens* may be the proper approach. *See Examining Bd. of Eng'rs, Architects & Surveyors v. Flores de Otero,* 426 U.S. 572, 598, 96 S.Ct. 2264, 49 L.Ed.2d 65 (1976); *Harris County Comm'rs Court v. Moore,* 420 U.S. 77, 84 n.8, 95 S.Ct. 870, 43 L.Ed.2d 32 (1975). *But see Askew v. Hargrave,* 401 U.S. 476, 91 S.Ct. 856, 28 L.Ed.2d 196 (1971) (per curiam) (distinguished in *Stephens v. Tielsch, supra,* 502 F.2d at 1361–62).

The stated views of many of our sister circuits, as well as those of district courts and commentators, differ from the *Newport Investments* approach. *See, e. g., Pollard v. Cockrell,* 578 F.2d 1002, 1010 (5th Cir. 1978); *Herald Co. v. McNeal,* 553 F.2d 1125, 1130 n.8 (8th Cir.

1977) (dictum); *Connecticut State Fed'n of Teachers v. Board of Educ. Members,* 538 F.2d 471, 485 (2d Cir. 1976) (dictum); *Nehring v. Ariyoshi,* 443 F.Supp. 228, 232–34 (D.Haw. 1977); 1A J. Moore, W. Taggart, A. Vestal & J. Wicker, Moore's Federal Practice ¶ 0.203[1], at 2109–10 (2d ed. 1978); 17 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4242, at 462–64 (1978). We need not decide whether *Newport Investments* and *Stephens* are in conflict, since the district court's decision may be upheld on other grounds.

4. *Compare Rancho Palos Verdes Corp. v. City of Laguna Beach, supra,* 547 F.2d at 1095 *with Eldridge v. City of Palo Alto,* 57 Cal.App.3d 613, 627–28, 631, 129 Cal.Rptr. 575, 583, 586 (1976), *hearing denied,* July 15, 1976 (decided prior to *Rancho Palos Verdes Corp.;* opinion implies that this provision is a mere statement of legislative intent with no substantive force, and states that if enacted with legitimate public policy considerations in mind, zoning changes are subject to attack only in proceedings for damages for inverse condemnation). The California Supreme Court recently granted hearings in two cases that may shed further light on this question. *See San Diego Gas & Elec. Co. v. City of San Diego,* 81 Cal.App.3d 844, 859, 146 Cal.Rptr. 103, 113–14, *hearing granted,* July 13, 1978 (No.L.A.30985); *Agins v. City of Tiburon,* 80 Cal.App.3d 225, 230 n.3, 145 Cal. Rptr. 476, 478 n.3, *hearing granted,* June 29, 1978 (No.S.F.23866).

or set of courts. Here the federal questions, if any, that survive state adjudication can readily be identified and reserved without colliding with what are essentially state claims." 547 F.2d at 1096; *see Colorado River Water Cons. Dist. v. United States,* 424 U.S. 800, 814–15, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Even were California to have established a special state system of adjudication, dismissal of the action would only be appropriate where there is a showing that "federal review . . . would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Colorado River Water Cons. Dist. v. United States, supra,* 424 U.S. at 814, 96 S.Ct. at 1245. Moreover, *Burford* abstention, with its resulting dismissal of the action, may be limited to those cases, such as *Burford* itself, where the subject matter of the action is also highly complex and unique. *See id.* at 815, 96 S.Ct. 1236. This is not one of those rare cases where dismissing the action is proper, and the district court abused its discretion in doing so.

The order dismissing the action is reversed and the cause is remanded to the district court with directions to stay the action pending final disposition of appellant's state court action.[5]

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

---

**5.** We have been informed that an action filed by Santa Fe in the California Superior Court simultaneously with this action is currently proceeding on the merits. If there is a proper reservation of federal constitutional questions in the state action, Santa Fe may, if the issues are still extant, return to the federal court for their determination. *See England v. Louisiana State Bd. of Medical Examiners,* 375 U.S. 411, 421, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964).