**WESTERN PRESBYTERIAN CHURCH, Rev. John W. Wimberly, Jr., and Susan Stirling Farr, Plaintiffs,**

v.

**The BOARD OF ZONING ADJUSTMENT OF the DISTRICT OF COLUMBIA, et al., Defendants.**

Civ. A. No. 94–0749.

United States District Court, District of Columbia.

April 15, 1994.

Michael Gerard McGovern, Stephen M. Feldhaus, Fulbright & Jaworski, L.L.P., Washington, DC, for Western Presbyterian Church, plaintiff(s) Rev. John W. Wimberly, Jr., Susan Stirling Farr.

Patricia Lee O'Beirne, Howrey & Simon, Washington, DC, for Interfaith Conference of Metropolitan Washington, Council of Churches of Greater Washington, Archdiocese of Washington, Washington Legal Clinic for the Homeless.

Donn Charles Meindertsma, Winston & Strawn, Washington, DC, for American Jewish Congress, National Capital Region.

*MEMORANDUM OPINION AND ORDER*

SPORKIN, District Judge.

This matter comes before the Court on plaintiffs' Motion for a Preliminary Injunction. Plaintiffs ask this Court to enjoin enforcement of actions by the defendants which, it is claimed, will cause plaintiffs ir-

reparable injury. Specifically, plaintiffs seek to enjoin 1) the September 3, 1993 decision of the District of Columbia Zoning Administrator ("Zoning Administrator"), acting in his capacity as agent of the District of Columbia Department of Consumer and Regulatory Affairs, 2) the March 2, 1994 decision on appeal of the Board of Zoning Affairs ("BZA") upholding the Zoning Administrator's September 3, 1993 decision, and 3) District of Columbia Zoning Regulations, to the extent such regulations, as applied to plaintiffs, adversely affect the operation of the Western Presbyterian Church's program to feed homeless persons at its new location at 2401 Virginia Avenue, N.W., Washington, D.C.

*BACKGROUND*

The Western Presbyterian Church (the "Church") for more than ten years has operated a program whereby it provided food for the homeless on Church premises at its former location at 1906 H Street, N.W., Washington, D.C. The Church is scheduled to move to a new location on April 18, 1994 and the plaintiffs plan to continue feeding the poor and homeless at that location. On September 3, 1993, the Zoning Administrator informed the Church that pursuant to section 216 of the Zoning Regulations, it could not conduct its feeding program at the new location.

Section 216 regulates programs conducted by church congregations or groups of churches, e.g., a homeless feeding program, in an R–1 (residential) district. § 216(f). The Zoning Administrator found that the Church's new location is located in a "split zone"—both residential and special purpose—thus, he interpreted section 216 as applicable to the plaintiffs. He advised them that a special exception was not available at the site and they would require an appropriate permit or variance to feed the poor and homeless at the new location. The BZA upheld the Zoning Administrator's determination, finding that the "special exception" relief for church programs under section 216 does not apply. As a result, the BZA held that the feeding program, which is to be located in a special purpose zone, is a prohibited use and required a variance.

Plaintiffs assert that without the requested relief their rights under the Religious Freedom Restoration Act of 1993 ("RFRA"),[1] the Civil Rights Act of 1964, and the First and Fifth Amendments to the United States Constitution will continue to be infringed. In short, they argue that the Zoning Regulations, as interpreted by the defendants and applied to the plaintiffs, burden the plaintiffs' rights to free exercise of religion in violation of the First Amendment and the RFRA. Plaintiffs also argue that defendants have violated their due process and equal protection rights guaranteed by the Fifth Amendment by 1) enforcing the Zoning Regulations in an arbitrary and capricious manner 2) denying fair notice and chilling their First Amendment rights 3) interpreting the Zoning Regulations so as to impose a more onerous burden on churches in special purpose zones than that imposed on churches in residential zones, and 4) interpreting the Zoning Regulations to deny churches the ability to engage in accessory uses as a matter of right in special purpose zones, to the extent such uses are considered church programs under § 216.

*DISCUSSION*

In order to obtain a preliminary injunction, the moving party must demonstrate: 1) a substantial likelihood of success on the merits, 2) irreparable injury absent an injunction, 3) relatively less injury to the non-moving party, and 4) that the injunction will promote

---

**1.** The Religious Freedom Restoration Act of 1993, Pub.L. No. 103–141, 107 Stat. 1488 (1993), was passed by congress to cure the impact on religious freedom caused by the Supreme Court's decision in *Employment Div., Dep't of Human Resources v. Smith*, 494 U.S. 872, 110 S.Ct. 1595, 108 L.Ed.2d·876 (1990). Section 3 of RFRA provides that

(a) IN GENERAL—Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, except as provided in subsection (b).

(b) EXCEPTION—Government may substantially burden a person's exercise of religion only is it demonstrates that application of the burden to the person—

(1) is in furtherance of a compelling governmental interest; and

(2) is the least restrictive means of furthering that compelling governmental interest.

the public interest. *See Washington Metro. Area Transit Auth. v. Holiday Tours, Inc.,* 559 F.2d 841, 844 (D.C.Cir.1977). This Court finds that the plaintiffs have borne that burden, therefore, the preliminary injunction will issue.

The plaintiffs have demonstrated a substantial likelihood of success on the merits under the Constitution and the RFRA. The plaintiffs make a strong argument that they are engaged in an activity which is an integral part of their religious beliefs. It seems to this Court that blocking the Church's program to feed the poor and homeless would substantially burden plaintiffs' right to the free exercise of religion. Moreover, there is no demonstrated compelling interest of the District of Columbia in enforcing its zoning regulations in a manner that would preclude plaintiffs from discharging what they perceive to be their religious obligation to their parishioners and community. In addition, by requiring the Church to peremptorily discontinue an important social welfare and religious program that has been in existence for over 10 years constitutes irreparable injury.

The public interest will be advanced by a preliminary injunction. As noted above, the plaintiffs have conducted an exemplary program for more than ten years without any complaints. Further, they are responding to a crying need in this city for assistance to the poor and needy. The serious problem of homelessness in the District of Columbia is manifest. The problem need not be re-stated here. It seems to this Court that the District of Columbia should welcome this type of service from non-governmental sources rather than moving to treat it as an offensive activity.

*CONCLUSION*

The District of Columbia does not, nor could it, object to the Church receiving the poor, homeless and needy into its sanctuary for prayer, yet it does object where the Church does so to feed these same individuals. The Court takes judicial notice that within three blocks of the Church is a Howard Johnsons Restaurant which the Court presumes is open to all, including the rich, poor and the homeless so long as they can afford to pay for their meal. Based on this observation, the Court does not understand how the District of Columbia can distinguish between food that is given away to the poor and food that may be purchased by the same individuals. The fact is, this well-run and necessary effort to minister to the less fortunate residents of this city ought not be arbitrarily restricted and relegated to the less desirable areas of the city because of the unfounded or irrational fears of certain residents. The program cannot be likened to an activity which has no redeeming social justification and must therefore be confined to a so-called "combat zone." To the extent the feeding program does not constitute a nuisance, the plaintiffs should be allowed to resume this exemplary service at the Church's new location which is only a few blocks from where it has conducted its very worthwhile program for over 10 years without incident. The preliminary injunction is granted. An appropriate order accompanies this opinion.