The CHURCH OF IRON OAK, INC. ATC a Florida corporation, Jacqueline Zaleski, individually, and John Roger Coleman, Jr., individually, Plaintiffs,

v.

The CITY OF PALM BAY, FLORIDA, a municipal corporation, The Code Enforcement Board of the City of Palm Bay, Florida, Defendants.

No. 94–1043–Civ.–Orl–22.

United States District Court
M.D. Florida,
Orlando Division.

Oct. 11, 1994.

Burton J. Green, Law Office of Burton J. Green, Cocoa Beach, FL, for plaintiffs.

Gary B. Sack, Law Office of Gary B. Sack, Nicholas F. Tsamoutales, Palm Bay, FL, Richard E. Torpy, Frese, Nash & Torpy, P.A., Malbourne, FL, for defendants.

### ORDER

CONWAY, District Judge.

This cause comes before the Court on Plaintiffs' Motion for a Temporary Restraining Order. (Dkt. 2).

Plaintiff Church of Iron Oak ATC ("Iron Oak") is a church organized around the ten-

ets of Wicca.[1] Plaintiffs John Roger Coleman and Jacqueline Zaleski ("Zaleskis") hold positions of prominence within Iron Oak. The Zaleskis own a one-acre residence at 2027 Matteson Drive in Palm Bay. This area has been zoned by the Defendant City of Palm Bay ("City") for single-family residence, with a special exception permit required to operate a "church," as that term is defined in the Palm Bay zoning code. For the past two years the Zaleskis have conducted observances of Wiccan holy days at their residence. These observances occur approximately six times a year and involve a congregation of some sixty or seventy persons.[2]

On May 27, 1994, the City served the Zaleskis with a Statement of Violation citing the Zaleskis for maintaining a church on their property without the required permit. A hearing on this violation before the Defendant City of Palm Bay Code Enforcement Board ("Enforcement Board") was scheduled for July 13, 1994. This hearing was canceled by the City on July 8, 1994, because no other violations had occurred since the citation was issued in May and the City presumed that the Zaleskis were thereafter in compliance with the zoning code. After the Zaleskis held another religious observance on their property on August 6, 1994, the City issued another citation to the Zaleskis on August 16, 1994. This Statement of Violation again cited the Zaleskis for operating a church in a residential district without the required permit. The hearing before the Enforcement Board on this violation is scheduled for October 12, 1994.

On October 3, 1994, the Plaintiffs filed a Motion for a Temporary Restraining Order asking this Court to restrain the City and the Enforcement Board from proceeding with the hearing on the Statement of Violation issued in August, and restraining the City from further surveillance of the Zaleskis' residence. The Plaintiffs assert that Defendants have interfered with and will continue to interfere with and chill their free exercise of religion, and that Defendants have invaded and will continue to invade their right to privacy through surveillance and other forms of harassment. The Plaintiffs base their claims on 42 U.S.C. § 1983 and the Religious Freedom Restoration Act of 1993, 42 U.S.C. § 2000bb.

This Court treated Plaintiffs' motion as a motion for a preliminary injunction, and held a hearing on October 11, 1994, to determine whether grounds existed for the issuance of a preliminary injunction.

*ANALYSIS*

■ The Court declines to stay the Enforcement Board's proceedings or restrain the City from any surveillance of the Zaleskis' residence.

■ To succeed on a motion for a preliminary injunction, a Plaintiff must establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that plaintiff's own injury outweighs the injury to the defendant; and (4) that the injunction would not disserve the public interest. *Cheffer v. McGregor,* 6 F.3d 705, 710 (11th Cir.1993). In the present case, the Court does not find sufficient evidence in the record, at this early stage in the litigation, to establish a "substantial likelihood of success" on Plaintiffs' § 1983 claims of selective enforcement and denial of equal protection. Further discovery on this issue is necessary before the Court can make a judgment as to the strength and merits of these claims. This Court also does not find sufficient evidence in the record to support a substantial likelihood of success on Plaintiffs' claim of invasion of privacy. The City of Palm Bay is entitled to investigate and determine to what extent its zoning laws are being obeyed. Whether this investigation rises to the level of a constitutional invasion of privacy is unclear at this early stage in the case.

■ The Court also recognizes that principles of abstention preclude this Court from entering an injunction until the Enforcement Board reaches a decision on the City's citation against the Zaleskis.

---

1. For the purposes of this motion the Court assumes without deciding that Wicca is a "religion" within the meaning of applicable federal law.

2. There are references in the record to additional gatherings held monthly.

Concerns that have traditionally compelled federal courts to invoke the doctrine of abstention include "the desirability of avoiding unseemly conflict between two sovereignties, the unnecessary impairment of state functions, and the premature determination of constitutional questions." *Martin v. Creasy*, 360 U.S. 219, 224, 79 S.Ct. 1034, 3 L.Ed.2d 1186 (1959); *See Railroad Comm'n of Texas v. Pullman*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) (federal abstention warranted to avoid premature adjudication of constitutional issues). Under the doctrine established in *Pullman*, abstention is particularly desirable where "the challenged state statute is susceptible of a construction by the state judiciary that would avoid or modify the necessity of reaching a federal constitutional question." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 306, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979).

The Enforcement Board has yet to hear argument on the question of whether the City may require the Zaleskis to obtain a permit to hold religious observances at their residence. The Enforcement Board's decision, and the basis of that decision, could have a significant impact on the case at bar. Proper adjudication of Plaintiffs' § 1983 claims is best served by waiting until the Enforcement Board determines whether the Zaleskis have violated the City's zoning ordinance.[3] As the Enforcement Board is scheduled to meet tomorrow, this Court does not find that failure to impose an injunction will result in a delay which will further prejudice Plaintiffs' rights. *See Nissan Motor Corp. v. Harding*, 739 F.2d 1005, 1011 (5th Cir.1984).

This Court recognizes that fundamental rights are at stake in this litigation. On one side is Plaintiffs' right to be free from unwanted government intrusion into their personal and religious lives. *See Church of the Lukumi Babalu Ave v. City of Hialeah*, — U.S. —, 113 S.Ct. 2217, 124 L.Ed.2d 472 (1993); *Cf. Western Presbyterian Church v. Bd. of Zoning Adjustment of the Dist. of Columbia*, 849 F.Supp. 77 (D.D.C.1994). Yet countervailing pressures are exerted by the

designs of federalism inherent in our constitutional framework. Though vital freedoms are at stake, this Court is bound by notions of State sovereignty to permit the City of Palm Bay to consider the present facts and interpret its own laws in light of constitutional precedents.

The Court does not dismiss Plaintiffs' complaint, but declines to exercise its equitable authority on the facts currently in the record and prior to the impending hearing and decision by the Enforcement Board.

Accordingly, it is **ORDERED** that Plaintiffs' Motion for Temporary Restraining Order (Dkt. 2) is **DENIED**.

DONE AND ORDERED.

---

**3.** This Court notes that the Ninth Circuit has found abstention appropriate in cases involving land use planning. *See Santa Fe Land Improve-* *ment Co. v. City of Chula Vista*, 596 F.2d 838 (9th Cir.1979); *Sederquist v. City of Tiburon*, 590 F.2d 278 (9th Cir.1978).